## Andrews *v.* Boyd.

## ANDREWS *vs.* BOYD.

By a devise of the income of one third part of a farm, the devisee becomes a tenant in common of that portion of the land itself.

THE question in this case, which was a writ of entry, was whether the provision made by *James Boyce* for his widow, in his last will, was a devise of a portion of the land for her life, or a bequest of a yearly portion of the issues and income, to be paid by the executor.

He devised to his wife for her life, " the net income of one third part of my homestead farm, together with my household furniture ; also two cows and six sheep, with a privilege in my barn convenient for every necessary appertaining thereto; and if the abovementioned income shall not be sufficient to keep my said cows and sheep as they ought to be kept, it is my will that ample provision be made therefor at the expense of my son *James*." He also devised to her the use of certain apartments in the house, with a place for a granary for her corn. His son *James* was made guardian to a son who was *non compos*, whom he was directed to support ; provision was made for the daughters ; his estate was declared to be " held for the payment and fulfilment of every article abovementioned " ; and *James* was made residuary devisee.

## Andrews v. Boyd.

After the death of the testator, *James* entered upon the farm, and supported the widow and the *non compos*, for about nine years; when he conveyed his interest in the farm, by deed of quitclaim, to *David Boyd*, the tenant, who has ever since performed all that *James* was directed by the will to do, in the support and care of his mother and brother.

The title of the demandant was under the extent of an execution on a specific part of the farm, issued on a judgment in his own favor against *James Boyd* the devisee; the land having been attached prior to his deed to the tenant. Another extent had been made, on another portion, by another creditor of the same devisee; and a part of the farm had been sold by the administrator *cum testamento annexo*, for the payment of debts; so that the residue, it was agreed, was wholly insufficient to execute the intentions of the testator.

*W. Burleigh*, for the demandant, contended, upon these facts, that the provision made in the will for the widow was in the nature of a personal legacy, for which she had a remedy by action against the executor, who might sell real estate to raise money to discharge it. *Farwell v. Jacobs* 4. *Mass.* 634. *Baker v. Dodge* 2. *Pick.* 619. Upon the common rules of construction, it was apparent that such was the intent of the testator; he having designated what particular part of the premises she should occupy, which, by necessary implication, is an exclusion of all other parts.

*J. Holmes* and *E. Shepley* argued for the tenant, maintaining, in effect, the following positions.

1. By the devise of one third of the income, the widow took a freehold for her own life in an undivided third part of the land, in common with *James*, the devisee. *Reed v. Reed* 9. *Mass.* 372. *Stevens v. Winship* 1. *Pick.* 318.

2. The extent of an execution, therefore, on any portion of the land, by metes and bounds, as the sole property of *James*, is void against all persons but himself; and especially against the widow, and the present tenant, who holds for her use. *Bartlett v. Harlow* 12. *Mass.* 343. *Baldwin v. Whiting* 13. *Mass.* 57. *Atkins v. Bean* 14. *Mass.* 404.

Andrews *v.* Boyd.

3. Or else the whole estate passed by the will, charged with the payment of the annuities, debts and legacies, as a trust estate ; either to the executor ;—*Beasly v. Woodhouse* 4. *D. & E.* 89 ;—or to *James*, the devisee ; *Cox v. Bassett* 3. *Ves.* 155 ;—in either of which cases the execution of the trust may be enforced in chancery ;—*Com. Dig. Chancery* 3. *A.* 7. 3. *R.* 6. 3. *Ves.* 209. 1. *Ves.* 439. 5. *Ves.* 248. *Crague v. Lesley* 3. *Wheat.* 576 ;—and at common law the devise will be construed as upon condition, to effect the same object ;—2. *Dall.* 131. *Baker v. Dodge* 2. *Pick.* 619 ;—but the estate is in no case subject to extent by the creditors of the trustee. *Russell v. Lewis* 2. *Pick.* 508.

This argument having been had at the last *April* term in this county, the opinion of the Court was now delivered by

Weston J. The only title stated in the case, in behalf of the tenant in his own right, having emanated from *James Boyd*, the son of the testator, must yield to that of the demandant, in virtue of his prior attachment of the same land, as his creditor. In this view of the case, the demandant would be clearly entitled to judgment ; as his title is unquestionably good against his debtor, and all claiming under him, subsequent to the attachment. But if the widow of the testator, or his executor, have a title, which the levy of the demandant cannot impair or defeat, it is distinctly stated by their counsel to have been the intention of the parties, and such has been the course of the argument, to admit the tenant to defend in their right. Through him the widow has enjoyed her portion of the estate to her satisfaction, if she be a devisee of one third of the farm ; and by his agency, the executor may be considered as having paid her one third of the net income, if this provision in her favor is to be deemed a legacy. The question then submitted to the determination of the court is, whether the demandant is entitled to the land he claims, either as against the tenant, or as against the widow or the executor, so far as they may have derived an interest under the will.

To his son *James*, the testator gave all his real and personal estate, not otherwise devised or bequeathed. To his wife he gave, among other things, the net income of one third part of his home-

26

stead farm.   Is this provision in favor of the widow, to be regarded as a legacy, or a devise to her, during life, of one third of the farm in common and undivided?   If it be a legacy, the payment of it is a duty devolving upon the executor.   It is manifestly to be drawn from one third part of the farm.   If thus considered, it would seem to be necessary that the executor should hold it in trust, to enable him to perform this duty; and authorities are adduced, tending to show that this would be the legal construction by necessary implication, if it cannot be held to be a devise to the widow.   If the executor held one third of the farm in trust, in common and undivided, during the life of the widow, it would interpose the same obstacle to a recovery by the demandant, as if the same estate were held directly by her.   But whether this would be the legal result, if this provision for the widow were to be regarded as a legacy, it is not necessary for us to give an opinion; inasmuch as we are satisfied that under the will, the widow is by law entitled to a life estate in one third of the farm in question as tenant in common.

If a man devise the rents and profits of his land, the land itself passes.   3. *Com. Dig. Devise N.* 1.   In *South v. Alliene* 1. *Salk.* 228, the whole court agreed that a devise of the rents and profits was a devise of the land; and it was decided by two judges against one, that a devise of the rents and profits, to be paid by the executor, was also a devise of the land.   *Holt C. J.* who dissented, considered it by implication of law, a devise to the exeutors in trust, and this seems the better opinion.   *Reed v. Reed* 9. *Mass.* 322, cited in the argument, was almost exactly like the case before us.   The testator there gave to his wife one third of his personal estate, and the income of one third of his real, during her life.   It was insisted in argument, that the provision for the wife was an annuity, or a legacy becoming due yearly, which could be claimed only of the executor, and that he took an estate in trust to enable him to pay it; but the court held that a devise of the income had the same effect as a devise of the land.

It does not appear to us that any fair distinction can be raised between income and net income.   Net is a term used among merchants, to designate the quantity, amount or value of an article or

Andrews *v.* Boyd.

commodity, after all tare and charges are deducted.   The income of an estate means nothing more than the profit it will yield, after deducting the charges of management; or the rent which may be obtained for the use of it.   The rents and profits of an estate, the income, or the net income of it, are all equivalent expressions.   The provision made for the widow was for her support and maintenance. This object is best effected by permitting her to enjoy the estate directly.   But if liable to be levied on as the property of others, although it might pass subject to the charge, she might meet with great delay and vexation, while pursuing her legal remedies to obtain that, which the testator intended as a means of supplying her immediate wants.   By the will, she had the privilege of keeping two cows and six sheep.   The enjoyment of a part of the farm specifically, was necessary to enable her to do this.   In this mode she would realize the income, not directly in money, but by the profits of her stock.   It was probably contemplated by the testator, that she would cultivate her part of the farm through the aid of her son, that he would retain a portion of the produce for his labor, and that she would thus enjoy the net income.   But there is nothing in the will to restrain her from availing herself of the income, in any other manner she might deem more eligible.   The land, the source from which it was to be derived, was hers for this purpose; of which she cannot legally be deprived by her son, or by his creditors.   The levy of the demandant, therefore, upon part of the land in severalty, by metes and bounds, as the property of *James Boyd*, cannot be sustained against her.   The cases cited by the counsel for the tenant, are very clear to this point.

According to the agreement of the parties, the demandant is to become nonsuit, and the tenant allowed his costs.