# SUPREME JUDICIAL COURT,

FOR THE

# WESTERN DISTRICT,

## 1853.

## COUNTY OF YORK.

### EARL *versus* ROWE.

A devise of the net profits of land is, by legal intendment, a devise of the land itself.

So a direction by the testator that A. B. *shall receive for his support the net profits of the land,* is a devise of the land itself.

The authority of the Probate Court, under R. S. c. 108, § 1, to make partition of real estate among heirs and devisees, not being limited as to time, may be exercised when occasion calls, though many years after the estate has been settled.

Where no dispute has been raised, respecting the proportion, *if any,* to which an heir or devisee is entitled, partition may be made by the Judge of Probate, unless such proportion appear to *him* to be uncertain.

If his opinion as to such proportion be erroneous, the remedy is by appeal.

ON FACTS AGREED.

TRESPASS, *quare clausum.*

John Rowe devised his real estate to his son Ephraim. After the death of Ephraim, he subjoined a codicil to his will, disposing of the land as follows; viz: — "I bequeath the land to the three sons of my late son Ephraim, now

minors, in equal proportions as they shall arrive at twenty-one years of age, and in case of the death of either of them before the age of twenty-one years and unmarried, then his share shall descend to the surviving brother or brothers, and for the better support and education of my grandchildren before named, I do hereby give and bequeath all the profits arising from the estate before named, to my daughter-in-law, Keziah Rowe, until and for the term, that my grandsons shall attain the age of twenty-one years, and in case she shall at that time remain the widow of my late son Ephraim Rowe, then she shall receive for her support, one third part of the net profits of the aforesaid bequeathed estate, so long as she shall remain such widow and no longer."

One of the three grandsons died under age and unmarried. The title of the survivors became vested, by a deed and by a levy, in this plaintiff.

The said Keziah Rowe, this defendant, yet remains the widow of said Ephraim.

In defence she relies upon a claim under the codicil to a life estate in common and undivided in one third of the land, and upon a decree of the Court of Probate assigning to her by metes and bounds her one third, being the parcel upon which the alleged trespass was committed.

The questions submitted to the Court for decision are,

*First*, whether Keziah Rowe took a life estate in common and undivided in one third of the land; and

*Second*, if so, " whether the Judge of Probate had authority to set out and assign such third to her, and whether she has a right under such assignment to the sole and exclusive occupation of the part so assigned, and whether the proceedings of the Probate Court, in making the partition, were valid or void."

*N. D. Appleton*, for the defendant.

An estate granted to a woman during widowhood is a life estate, determinable upon her marriage. 2 Black. Com. 120 ; 4 Kent's Com. 26 ; *McLellan* v. *Turner*, 15 Maine, 436.

The bequest to the defendant of " one third of the net pro-

fits of the aforesaid bequeathed estate," was a devise to her of that proportion of the land. If a man devises the rents and profits of land, the land itself passes. Comyn's Dig. Devise, N, 1, p. 400 ; *Parker* v. *Plummer*, Cro. Eliz. 190 ; *Kerny* v. *Derrick*, Cro. Jac. 104 ; *South* v. *Alleine*, 1 Salk. 228 ; 4 Dane's Abr. c. 115, a. 7, § 13, p. 534 ; 1 Saund. 186 ; 4 Kent's Com. 536 ; Roberts on Wills, 401–2, 529.

So a devise of the *income* of real estate conveys the land. *Reed* v. *Reed*, 9 Mass. 372.

And it makes no difference whether the words used are rents and profits, income, net income, profits or use. *Andrews* v. *Boyd*, 5 Maine, 199. The words, "use and income of all my estate personal and real," do not constitute a legacy, but they vest an estate for life in the real estate. *Larned* v. *Bridge*, 17 Pick. 339 ; Comyn's Digest, Devise, N, 7 ; *Briggs* v. *Harford*, 22 Pick. 288 ; *Watts* v. *Howard*, 7 Met. 478.

The language used by the testator, that the widow shall *receive one third of the net profits*, is sufficient to pass the land, if such was the intention of the testator. Any words which show the intent of the testator to dispose, are sufficient for a devise. It is not necessary that any technical or artificial form of words, should be used in a will.

In construing a will, the *intention* is to govern, if not repugnant to the rules of law, and the whole will is to be taken together. Comyn's Digest, Devise, N, 1 ; *Drury* v. *Morgan*, 18 Pick. 295 ; *Russell* v. *Elden*, 15 Maine. 193 ; *McLellan* v. *Turner*, 15 Maine, 436 ; *Ramsdell* v. *Ramsdell*, 21 Maine, 288 ; *Sheldon* v. *Purple*. 15 Pick. 528 ; *Crane* v. *Crane*, 17 Pick. 422.

It is apparent from the will that it was intended, she should have the land. What he had previously given to the son, he distributed to his widow and three sons. He expressly gives the whole *profits* to her, until they attain twenty-one years, and after that devises them between her and them. In no other way could the bequest be so beneficial to her. He intended she should have a house on the farm where she had so

long resided, during widowhood. He clearly placed great confidence in her for good management, and meant to be liberal. Nor did he intend to deprive her of a *home*, or make her dependent upon the mercy of her sons, when they attained full age, if she remained unmarried.

The Probate Court had jurisdiction to set off to the widow, her part in severalty, and the proceedings are legal. R. S. c. 108, §§ 1, 2, 3, 4. The action of the Judge was not restricted by the provisions of the 3d §. The shares or proportions were not in dispute, nor did they appear to the Judge to be *uncertain*, or that *he thought them proper* for the consideration of a jury in a court of common law. It was for him to *decide*, whether or not to take action in the case. If he did, and erred, the only remedy was by appeal. Statute of 1821, c. 51, § 35, *proviso*, compared with the 3d § of c. 108, R. S. The phraseology only is changed; the meaning is the same in both.

SHEPLEY, C. J. — Suppose the proceedings before the Judge of Probate were legally inoperative, and suppose you are right in claiming for her an interest in the land, can this action be maintained ?

Can trespass *quare* be sustained by one co-tenant against another ?

Is it not therefore immaterial whether the Judge of Probate had or had not jurisdiction ?

*Appleton.* — So far as relates to this particular suit, your Honor must be correct. For ulterior purposes, however, it is desirable that we have a decision upon the validity of the probate proceedings. And we respectfully contend that the Judge of Probate had jurisdiction, and that his decree is conclusive, and, if not appealed from or reversed, cannot be questioned in a collateral suit, unless fraud is clearly shown, or unless there is a defect apparent on the face of the proceedings. *McNeil* v. *Bright,* 4 Mass. 303; *Commonwealth* v. *Pejepscot Proprietors,* 7 Mass. 430; *Fish* v. *Homer,* 1 Pick. 435; *Loring* v. *Steineman,* 1 Met. 204; *Pierce* v. *Irish,* 31 Maine, 254; *Paine* v. *Stone,* 10 Pick. 76.

*D. Goodenow* and *J. S. Kimball,* for the plaintiff.

I. The will does not give Keziah Rowe an interest in the real estate, after her sons arrive at the age of 21 years.

The first clause gives her all the profits till the sons are 21. The language is "I give and bequeath," &c. The sons are not to have the real estate, till they become of age.

This no doubt gives her the control of the real estate, till that time.

Then circumstances change, and the language of the will changes with them.

Thus, if she shall remain a widow, she shall receive for her support one third of the net profits.

Receive of whom? Of her sons, or of the executor, or of the land?

It comes within the opinion of HALL, C. J., in *South* v. *Alleine,* 1 Salk. 228, which is the better opinion. That was a devise of the rents and profits for life.

Why was a different language used?

She shall receive, instead of, I give or bequeath to her net profits, instead of profits?

The case of *Reed* v. *Reed,* 9 Mass. 372, was a devise of the income for life.

*Baker* v. *Dodge,* 2 Pick. 619, was a devise, upon condition.

The case of *Andrews* v. *Boyd,* 5 Greenl. 199, was a devise of certain portions of the buildings. And the estate was " to be held for the payment and fulfillment of every article above mentioned."

We submit then that the widow, at the bringing of this suit, had no interest in the land. *Lord* v. *Lord,* 3 Fairf. 88 ; 1 Saund. 181 ; *Andrews* v. *Boyd,* 5 Greenl. 199 ; 3 Comyn's Digest, Devise, I; *Baker* v. *Dodge,* 2 Pick. 619.

II. The Judge of Probate had no jurisdiction to set off the land to the defendant.

1. It was not real estate subject to partition.

2. It does not appear, that the estate was being settled in the Probate Court.

3. Her share or right was in dispute, and the question

should be settled at common law. The Judge of Probate is not to settle the meaning of a controverted will. R. S. c. 108, § 3 ; *Small* v. *Small*, 4 Greenl. 220.

The proceedings of the Probate Court were therefore merely void. *Smith* v. *Rice*, 11 Mass. 507.

SHEPLEY, C. J. — The first question presented for decision is, whether John Rowe by his will devised to Keziah Rowe one third part of his estate for life. It is not denied, that by the codicil an estate was devised to her during the minority of her sons, while it is insisted for the plaintiff, that her estate then terminated, and that she was to receive for her support one third part of the net profits in the nature of a legacy to be paid by her sons, who were then to become the owners of the whole estate.

The effect of a devise of the "occupation and profits" of land, when there was no devise in terms of the land, became early a subject of judicial consideration, and the decision was, that it was in substance a devise of the land. *Paramour* v. *Yardly*, Plow. 540. And a devise of "half the issues and profits" of the land was decided to be a devise of half of the land. "For to have the issues and profits and to have the land is all one." *Parker* v. *Plummer*, Cro. Eliz. 190. The rule established by these cases has continued to be the settled rule of construction ; and any terms equivalent to these have been regarded as a devise of the estate for such time as the issues, incomes, rents or profits were devised.

While this general rule is admitted, it is insisted, that the language used in the codicil exhibits a different intention.

The language used is "she shall receive for her support one third part of the net profits of the aforesaid bequeathed estate so long as she shall remain such widow and no longer."

The words "she shall receive" having been used to confer a right are equivalent to a declaration, that she shall be entitled to receive. The use of the word receive does not therefore authorize an inference, that she was to receive the profits from her sons and not from the estate. It is said that its use

in connection with the words "net profits" exhibits an intention, that she should receive from her sons one third of the profits after all charges for repairs, taxes and expenses, had been deducted. This assumes, that it must have been his intention to subject her and them to the inconvenience, and to the constant danger of litigation, to determine yearly, what the net profits of the estate were or would be. It is more reasonable to conclude, that the word "net" was used to guard against a claim on her part to have one third of the income without being subjected to the payment of one third of the taxes and repairs. It is quite probable, that the testator did not contemplate a division of the estate; and that he expected, that the mother and her sons would manage the estate together; and the use of the word net would then be appropriate to determine more exactly the extent of her rights; and it might be useful to make it certain, that she was to be chargeable with one third part of the taxes and repairs.

In the case of *Parker* v. *Plummer*, the devise was of half the issues and profits to the wife during life, "bearing and allowing half the charges thereof." It was therefore in effect a devise of the net issues and profits. The words "bearing and allowing half the charges thereof" communicate the idea, that the charges were not by the testator expected to be made upon each half separately, but upon the estate as a whole; and yet they did not prevent the conclusion, that she took an estate for life.

But the effect in such a devise of the phrase "net income," has been determined by the case of *Andrews* v. *Boyd,* 5 Greenl. 199. It was in that case said "the income of an estate means nothing more, than the profit which it will yield, after deducting the charges of management; and the devise of one third of the net income of it, was decided to be a devise of one third of the land.

By "net profits" the testator in this case could have meant only the profits accruing to the widow after the taxes and expenditures for repairs had been paid out of what would be ob-

Earl *v.* Rowe.

tained from the estate. If she took an estate in one third part of the land there would be a charge upon it, and she would obtain no more or less from it, than the testator intended that she should.

To decide, that one third of the estate was devised to her, is to give effect, so far as it respects the amount to be taken from the owners of the other two thirds to be appropriated to her support, to the exact intentions of the testator, and to do it in the mode best suited to promote the harmony and comfort and least troublesome and expensive to all interested in the estate, and to afford the most perfect security to the devisee of the profits. This more perfect security of the profits to the devisee of them has ever been considered as one of the strongest reasons for the establishment and continuance of the rule.

The first question must be answered affirmatively.

It remains to be considered, whether the Court of Probate was authorized to cause one third part of the estate to be assigned to her.

It is provided by statute, c. 108, § 1, that the Court of Probate in which the estate of any deceased person is settled, or in course of settlement, may make partition of all his real estate lying within this State, among his heirs or devisees under the restrictions contained in this chapter. This power is sufficiently extensive to include a case like the present, if no restriction be in the subsequent sections. The exercise of the power is not limited to any particular time or number of years after the estate is settled. The provisions of the second section show, that the estate might be expected to be divided in certain cases long after the decease of a testator and the settlement of his estate ; for a partition of a remainder or reversion is authorized after the termination of a life or particular estate created by devise.

The restrictions contained in the third section did not deprive the Court of Probate of jurisdiction in this case. The shares or proportions of the respective parties do not appear to have been in dispute. If the widow was entitled to any

share, there could be no doubt, that she was entitled to one third, and that the two thirds were owned by others.

The jurisdiction is not restricted, because the share or proportion was "uncertain, depending upon the construction or effect of any devise, unless it shall appear to the Judge to be uncertain." If he should exercise jurisdiction in a case, in which the proportion did not appear to him to be uncertain, and his opinion should be erroneous, the aggrieved party would have a perfect remedy by an appeal from his decision or decree.

This question must also be answered affirmatively, that the proceedings are valid.

TENNEY, WELLS, HOWARD and APPLETON, J. J., concurred.