[No. 9466.   Department One. — March 28, 1887.]

THE PEOPLE EX REL. J. E. FARNUM ET AL., BANK COMMISSIONERS, APPELLANT, v. SAN FRANCISCO SAVINGS UNION, RESPONDENT.

SAVINGS BANK CORPORATION — DIVIDEND ON PROFITS — ACCRUED INTEREST NOT COLLECTED — ACT OF APRIL 11, 1862. — A savings bank corporation organized under the act of April 11, 1862, is not authorized to appropriate and pay, as a dividend to its stockholders and depositors on the profits arising from its business, any portion of the interest upon its loans or investments that may have matured or accrued, but which have not been actually collected and received in money, notwithstanding such interest is amply secured, and certain to be eventually paid.

APPEAL from a judgment of the Superior Court of the city and county of San Francisco.

The facts are stated in the opinion.

*Attorney-General Johnson,* for Appellant.

*Jarboe, Harrison & Goodfellow,* for Respondent.

SEARLS, C.—This cause was submitted to the court below upon an agreed statement.

Defendant had judgment, from which plaintiff appeals.

The defendant is a banking corporation, existing under and by virtue of the laws of this state, and was incorporated as such on the eighteenth day of June, 1862, under and in accordance with the provisions of an act of the legislature, entitled "An act to provide for the formation of corporations for the accumulation and investment of funds and savings," approved April 11, 1862. (Stats. 1862, p. 199.)

The act provides for the formation of corporations "for the purpose of aggregating the funds and savings of the members thereof and others, and preserving and safely investing the same for their common benefit." Corporations thereunder are authorized to loan and invest their funds, receive deposits of money, loan and invest the same, collect the same with interest, "repay such deposits without interest, or with so much of the earnings and interest as the by-laws of the corporation may provide."

They may make by-laws prescribing the conditions upon which deposits shall be received, and the time and manner of dividing the profits.

Section 10 of the same act provides that "it shall not be lawful for the corporation or the directors to make any dividends, except from surplus profits arising from the business of the corporation, and the directors shall at such times and in such manner as the by-laws shall

prescribe, declare and pay dividends of so much of the profits of the company, and of the interest arising from the capital stock and deposits, as may be appropriated for that purpose by the provisions of the by-laws."

It is provided and declared by the by-laws of the defendant that "at the expiration of every six months, ending 30th June and 31st December, each year, the board of directors shall ascertain the net profits of the corporation, and shall determine the amount to be appropriated for a general dividend."

During the six months commencing June 30, 1883, the surplus profits arising from the business of the corporation, including the interest arising from its capital stock and deposits, amounted to the sum of $280,092.

In this amount of surplus profits, and as a part thereof, is included:—

1. The sum of $5,825, for interest which has accrued for the months of November and December, in the year 1883, upon the coupons of bonds of the United States held by the defendant, but which, by the terms of said coupons, is not payable until February 1, 1884.

2. The sum of $23,917, for interest that has matured since the 30th of June, 1883, but which has not been collected, upon a portion of the loans made by the defendant upon real estate security. The value of the real estate held by the defendant as security for the said loans and for each thereof, is more than double the amount of the respective loans and the matured interest thereon.

By the conditions of each of said loans, it is provided that in case the interest thereon is not paid as it matures, it shall be added to the principal sum, and be secured by the real estate which is given as security for said principal sum, and thereafter bear interest at the same rate as said principal sum.

The defendant being about to declare a dividend from the profits arising from its business during the six

months ending December 31, 1883, expressed its intention to include in the amount which it should appropriate for that purpose its surplus profits aforesaid, amounting to the sum of $280,092, including therein the aforesaid sum of $5,825, for interest, which had accrued upon the aforesaid coupons of bonds of the United States, but which would not be payable until February 1, 1884; and also the aforesaid sum of $23,917, for interest, which had matured since the thirtieth day of June, 1883 (but which had not been collected), upon the loans made as aforesaid, and secured as aforesaid.

The bank commissioners objected to the action of the bank in including these sums, and this action is the result.

The question in difference and point of controversy upon which the decision and judgment of the court is sought is the following :—

" Is the defendant authorized by law to appropriate and pay as a dividend to its stockholders and depositors, on the profits arising from its business, any portion of the interest upon its loans or investments that may have matured or accrued, but which have not been actually collected and received in money ? "

What are the *surplus profits* arising from the business of the corporation?

The word " profits " signifies an excess of the value of returns over the value of advances.

The excess of receipts over expenditures; that is, net earnings.  (*Connolly* v. *Davidson*, 15 Minn. 519.)

The receipts of a business, deducting current expenses; it is equivalent to net receipts.  (*Eyster* v. *Centennial Board of Finance*, 94 U. S. 500.)

In commerce, it means the advance in the price of the goods sold beyond the cost of purchase.  In distinction from the wages of labor, it is well understood to imply the net return to the capital or stock employed, after deducting all the expenses, including not only the wages

of those employed by the capitalist, but the wages of the capitalist himself for superintending the employment of his capital stock. (Adam Smith's Wealth of Nations, b. 1, c. 6; Mill's Political Economy, c. 15.)

The rents and profits of an estate, the income or net income of it, are all equivalent expressions. (*Andrews* v. *Boyd,* 5 Me. 202; *Earl* v. *Rowe,* 35 Me. 420.) Profits are divided by writers on political economy into gross and net, the former being the entire difference between the value of advances and the value of returns, and the latter so much of this difference as arises exclusively from the capital employed.

In *People* v. *Supervisors,* 4 Hill, 20, Bronson, J., said: "It is undoubtedly true that 'profits' and 'income' are sometimes used as synonymous terms; but, strictly speaking, *income* means that which comes in or is received from any business or investment of capital, without reference to the outgoing expenditures; while *profits* generally mean the gain which is made upon any business or investment, when both receipts and payments are taken into the account.

"*Income,* when applied to the affairs of individuals, expresses the same idea that *revenue* does when applied to the affairs of a state or nation."

In *St. John* v. *Erie R. R. Co.,* 10 Blatchf. 270, it was said: "Net earnings are properly the gross receipts, less the expense of operating the road or other business of the corporation; interest on debts is paid out of what thus remains, that is, out of the net earnings. Many other liabilities are paid out of the net earnings. When all liabilities are paid, either out of the gross receipts or out of the net earnings, the remainder is the profit of the share-holders."

Under these definitions, it is not easy to comprehend how *profits or surplus profits* can consist of earnings never yet received.

The term imports an excess of *receipts* over *expenditures,*

and without *receipts* there cannot properly be said to be profits.

Money earned as interest, however well secured, or certain to be eventually paid, cannot in fact be distributed as dividends to stockholders, and does not constitute *surplus profits* within the meaning of the statute.

To hold the contrary would, we think, tend to open the door to a practice under which the assets of corporations would be liable to distribution as dividends, upon no surer basis than the judgment of their directors as to the value of their bills receivable. Such is not, and should not be, the policy of the law.

The capital and all the assets except surplus profit are to be retained intact and form a fund to which creditors of the corporation have a prior right over stockholders. If some portion of this fund may be distributed in lieu of interest earned, but not collected, then cases may arise in which all of it may be so distributed, a practice which we deem subversive of the essential principles upon which corporations of this character are organized, and under which practically the rights of creditors *might* be greatly impaired.

The fact that defendant has security for the interest due does not make the unpaid interest a profit. Until paid in, it is not money in hand. Contingencies may arise to prevent its being realized. It is time to distribute this interest when it is actually received by the bank.

It follows that the judgment of the court below nonsuiting plaintiff should be reversed and the cause remanded, with directions to the court below to enter judgment in favor of plaintiff, as provided in the agreed statement contained in the record.

BELCHER, C. C., and FOOTE, C., concurred.

The COURT. — For the reasons given in the foregoing opinion, the judgment is reversed and cause remanded,

with directions to enter judgment in favor of plaintiff, as provided in the agreed statement contained in the record.

Hearing in Bank denied.