AMERICAN STEEL & WIRE CO. v. EDDY.

1. CORPORATIONS—DIVIDENDS—IMPAIRMENT OF CAPITAL.

Persons dealing with a corporation have a right to resort to its capital stock for the payment of its debts, and the corporation cannot, to the injury of its creditors, impair its capital by the payment of dividends. 2 Comp. Laws, § 7057.

2. SAME—PREFERRED STOCKHOLDERS—PERSONAL LIABILITY.

2 Comp. Laws, § 7073, providing that preferred stockholders shall not be liable for corporate debts, except labor debts, does not exempt them from the liability imposed by section 7057, making stockholders individually liable to the creditors to the amount of capital withdrawn or refunded to them respectively, whether such withdrawal is by way of dividends or in reduction of the capital.

Error to Bay; Shepard, J. Submitted December 13, 1901. (Docket No. 204.) Decided April 8, 1902.

Petition by the American Steel & Wire Company, a judgment creditor of the Miller Hardware Company, under 3 Comp. Laws, § 8554 *et seq.*, against Selwyn Eddy, a preferred stockholder, to enforce the latter's liability under section 7057, 2 Comp. Laws. From a judgment for defendant on verdict directed by the court, plaintiff brings error. Reversed.

*George E. & M. A. Nichols*, for appellant.

*T. A. E. & J. C. Weadock* (*E. A. Cooley*, of counsel), for appellee.

HOOKER, C. J. The plaintiff, a judgment creditor of the Miller Hardware Company, brought this action against a preferred stockholder, under the provisions of section 7057 of the Compiled Laws of 1897, which reads as follows:

"If the capital stock of any such corporation shall be

withdrawn and refunded to the stockholders before the payment of all the debts of the corporation for which such stock would have been liable, the stockholders of such corporation shall be jointly and severally liable to any creditor of such corporation, in an action founded on this statute, to the amount of the sum refunded to him or them respectively."

Its counsel professed to be able to show upon the trial, and offered testimony which he said would show, that the defendant received dividends from said company which impaired the capital stock; and that, while the books did not, upon their face, show this, it was because alleged assets consisted of worthless paper, the omission of which would show that the company had done business at a loss, and that such dividends were actually paid from the capital stock. The court directed a verdict for the defendant upon the ground that section 7073 provides that " in no event shall the holder of such preferred stock be individually or personally liable for the debts or other liabilities of said corporation, excepting debts for labor;" and the plaintiff has brought error.

Some of the dividends were paid before the Miller Hardware Company incurred the debt upon which plaintiff's judgment is based; others were paid afterwards, the last being paid in April, 1897. Two months later the Miller Hardware Company made a common-law assignment, and it is said the assignee has paid 55 per cent. of its debts, which exhausted its assets.

When a corporation holds itself out to the world as possessed of a given capital, those who deal with it have a right to the application of such capital to the payment of such debts as it may incur, and it has no authority to impair its capital by refunding to the stockholders a portion of its capital by way of dividend. This is not a new doctrine, as will appear from the following authorities cited by counsel: *Williams* v. *Telegraph Co.*, 93 N. Y. 162; 5 Am. & Eng. Enc. Law (2d Ed.), 134–142; *Flitcroft's Case*, 21 Ch. Div. 519; *Main* v. *Mills*, 6 Biss. 98

(Fed. Cas. No. 8,974); *Park* v. *Locomotive Works*, 40 N. J. Eq. 114 (3 Atl. 162); *Hubbard* v. *Weare*, 79 Iowa, 678 (44 N. W. 915); *Richardson* v. *Buhl*, 77 Mich. 632, 649 (43 N. W. 1102, 6 L. R. A. 457); 1 Mor. Priv. Corp. §§ 435, 440; *People* v. *San Francisco Sav. Union*, 72 Cal. 199 (13 Pac. 498); 1 Cook, Stockh. §§ 199, 290, 546, 548; *Lockhart* v. *Van Alstyne*, 31 Mich. 76 (18 Am. Rep. 156). It is claimed that this statute was not intended to have application to such cases, but merely to cases where the capital stock is reduced in amount by formal action of the stockholders, which may be lawfully done in conformity to section 7038. It is our opinion that section 7057 should not receive so narrow a construction. It does not, in express terms, refer to a reduction of the capital stock, but speaks of a "withdrawal" of capital stock, and "refunding" to the stockholders. If we hold this to refer to an amount constituting that portion of the assets representing the capital stock,—and we cannot well imagine that it means anything less tangible, for nothing less could well be refunded; *i. e.*, given back to the stockholder,—it could be as well done by distribution by way of dividends, declared in the ordinary way, as by basing them upon formal action to reduce the capital stock. We see no reason to doubt that such dividends could be reached, if there were no statute, as being a fraudulent disposition of assets. This statute provides a new procedure, permitting one who has exhausted his remedy against the corporation (if not others) to sue the stockholder in an action at law. It is contended that this cannot have been contemplated, and that the collection should be made by an assignee for the benefit of all creditors. We have no doubt that a court of equity, under its general powers, might take custody of all assets for the purpose of distribution, and cut off the personal remedy of the creditor, under this statute, as in other cases; but we have not such a case. We are not advised that any court has taken control of the assets of this corporation, or is in any way attempting their collection and distribution.

The preferred stockholder is not excepted by this statute, and he has no greater right to a dividend from the capital stock of an insolvent corporation than any other stockholder, until the debts are paid.   See section 7073; *Lockhart* v. *Van Alstyne*, 31 Mich. 76 (18 Am. Rep. 156).   The provision of section 7073, relied on by the learned circuit judge in his disposition of the cause, seems to us to have been misapplied.   This case does not seek to impose a personal liability upon him, but merely to hold him for a trust fund, which has come to his hands through an unlawful disposition of it.

The judgment should be reversed, and a new trial ordered.

MOORE, GRANT, and MONTGOMERY, JJ., concurred. LONG, J., did not sit.