WACHUSETT NATIONAL BANK *v.* STEEL.

CORPORATIONS — INDIVIDUAL LIABILITY OF DIRECTORS — PLEADING — MISJOINDER OF ACTIONS.

> A creditor of a corporation organized under chapter 188, 2 Comp. Laws, cannot unite a cause of action arising under section 23 of that chapter (compiler's section 7059), for the recovery of the debt of the company against its directors who ordered or assented to the violation of any of the provisions of the act, with a suit upon the common counts in *assumpsit,* or with a count charging fraud.

Error to Clinton; Stone, J. Submitted November 6, 1903. (Docket No. 106.) Decided March 8, 1904.

*Assumpsit* by the Wachusett National Bank against George A. Steel, Edwin P. Waldron, David S. French, and Robert G. Steel, to enforce the collection of a debt of a corporation of which defendants were directors. From a judgment for defendants on demurrer to the declaration, plaintiff brings error. Affirmed.

*Lyon & Moinet,* for appellant.

*H. E. & E. L. Walbridge,* for appellees Steel and Waldron.

*William M. Smith,* for appellee French.

CARPENTER, J. Plaintiff asks this court to reverse a judgment sustaining a demurrer to its declaration. The declaration consists of the common counts in *assumpsit* and four special counts. In two of these counts plaintiff seeks to recover damages for fraud practiced by defendants. In one of them it seeks to hold defendants, who are directors of the St. Johns Mercantile Company, liable for certain indebtedness of that company, under section 7048 of the Compiled Laws of 1897. In the other it seeks to

hold defendants liable for said indebtedness under the provisions of section 7059 of the Compiled Laws of 1897. Defendants demurred to the declaration on several grounds, of which we have occasion to consider but one, viz., that of misjoinder of causes of action.

Can plaintiff unite a cause of action under section 7059 with the common counts in *assumpsit* and with counts based on fraud ?   Section 7059 reads as follows:

"If any corporation organized or existing under this act shall violate any of its provisions, the directors ordering or assenting to such violation shall be jointly and severally liable in an action founded on this statute for all debts contracted after such violation as aforesaid, to the extent of three times the amount paid in on the stock standing in the name of such director in any such corporation."

In disposing of this case it is not necessary to determine whether creditors have a right, by suits in their own names, to invoke the provisions of this statute, though the case of *American Steel & Wire Co.* v. *Eddy*, 130 Mich. 266 (89 N. W. 952), indicates that they may. It is no injustice to the plaintiff, which has planted its case upon that theory, to assume that a creditor has that right, and this case will therefore be decided upon that assumption. On that assumption we think it clear that plaintiff cannot unite such a cause of action with a suit upon the common counts in *assumpsit*, or with a count charging defendants with fraud.

There is authority for the proposition that an action based upon a penal statute cannot be joined with an action at common law. See *People* v. *Judges of Washtenaw Circuit Court*, 1 Doug., at page 447; *Hogsett* v. *Ellis*, 17 Mich., at page 360; *Smith* v. *Meanor*, 16 Serg. & R. 375. If this proposition is sound, there is clearly a misjoinder of causes of action in plaintiff's declaration; but that misjoinder can be determined without going so far as to maintain that a cause of action arising from a penal statute can never be joined with a common-law action.

If that joinder might be permitted when no principle of justice is violated, authority need not be cited to the proposition that it is not permissible when it results in such violation.   Under section 7059, 2 Comp. Laws, the liability of each defendant is limited to three times the amount paid by him on his stock subscription.   This liability will cease when, and only when, that limit is reached.   If it is to be enforced, as plaintiff maintains, and as we assume it may, by the individual creditor proceeding in his own name, the precise amount of the liability thereunder must be determined; otherwise, after directors have paid a judgment following a general verdict, where there was submitted to the jury the issue of their liability under this statute and their liability under another statute and their liability on a common-law cause of action, we must decide either (a) that the liability shall be lessened by the amount of said payment (see *Hall* v. *Zeller*, 17 Or. 381 [21 Pac. 192]; *White* v. *Simonds*, 33 Vt. 178 [78 Am. Dec. 620]); (b) that the liability shall be unaffected by the payment; or (c) that the ground upon which the verdict proceeded shall be open to litigation in every subsequent case (see *Burlen* v. *Shannon*, 14 Gray, 433).

It is difficult to say which of these three alternatives is most repugnant to justice.   The first may result in entirely releasing a director from this obligation to the creditors of the corporation.   The second may compel the director to pay his maximum liability under this statute several times, and therefore converts a limited into an unlimited liability. The third is open to all the objections which apply to the first and second.   If it is true that cases may arise when a jury must determine the ground upon which a former jury reached a verdict (see *Burlen* v. *Shannon, supra*), courts should not unnecessarily increase these cases.   The machinery of the law does not enable the second jury to make such a determination with any degree of accuracy. Indeed, such a determination must be mere guesswork. That guess may result in freeing a director from liability without his paying anything whatever, or it may compel

him to pay the maximum liability a second or a third time. We are, therefore, as already indicated, forced to conclude that the precise amount of the liability determined under this section must be ascertained, if it is to be enforced, as plaintiff claims, by suits in the names of individual creditors.

If this cause of action is joined with other causes of action, I know of no provision in law by which that liability will be precisely ascertained. Though the jury have a right to adopt the unusual course of rendering a special verdict indicating this separate liability, their right to render a general verdict which does not indicate it is undeniable. It is true we have a statute which enables parties to a controversy to obtain the answer of the jury to special questions. Those questions must, however, be such as to control the general verdict, and must be answerable by yes or no. No questions which could be asked under this practice, it will be seen on careful reflection, will enable a director to prove precisely what part of the amount of a general verdict was based on this statutory liability.

It results from these views that there is a misjoinder of causes of action in plaintiff's declaration, and the judgment of the trial court must therefore be affirmed.

The other Justices concurred.