1. CORPORATIONS — DEFUNCT CORPORATION — CANCELLATION OF IN-STRUMENTS—BONA FIDE PURCHASER.

In a suit by the receiver of a defunct corporation to set aside, as in fraud of creditors, a deed of said corporation's property to defendant, a stockholder, in exchange for her stock in said corporation, *held*, that defendant was not a *bona fide* purchaser, in view of the fact that her suit for the appointment of a receiver for said corporation was pending at the time the deed was executed.[1]

2. SAME—ASSETS OF DEFUNCT CORPORATION IMPRESSED WITH TRUST FOR BENEFIT OF CREDITORS.

Under 3 Comp. Laws 1915, § 11335, the assets of a corporation whose charter has expired is impressed with a trust for the benefit of its creditors to the extent of its indebtedness, even though they have been disbursed among stockholders or taken over by a new corporation chartered to continue the business.[2]

[1]Corporations, 14A C. J. §§ 3869 (1926 Anno), 3877; [2]Id., 14A C. J. § 3877.

3. SAME—JUDGMENT—RES ADJUDICATA.

    Defendant's contention that the court had no jurisdiction to appoint a receiver for the corporation whose property is involved in present suit, *held*, decided contrary to defendant's contention in the case of *Grand Rapids Trust Co.* v. *Carpenter, ante* 491.[3]

4. SAME—RECEIVERS—INSOLVENCY—EVIDENCE—SUFFICIENCY.

    The finding of the court below that the corporation was insolvent when the deed to its property in question was executed, *held*, supported by the record.[4]

    Appeal from Kent; Perkins (Willis B.), J.   Submitted October 28, 1924.   (Docket No. 160.)   Decided January 28, 1925.

    Bill by the Grand Rapids Trust Company, receiver of the Haney School Furniture Company, against Lillias L. Carpenter and others to set aside a deed. From a decree for plaintiff, defendants appeal.   Affirmed.

    *Dunham, Cholette & Quail (John M. Dunham,* of counsel), for plaintiff.

    *Eugene Carpenter,* for defendants.

    STEERE, J.   Plaintiff filed this bill as receiver of the Haney School Furniture Company asking that a certain deed dated July 23, 1920, from said furniture company to defendant Lillias L. Carpenter purporting to convey to her certain of its described real estate in the city of Grand Rapids, known as the "warehouse property," and a mortgage she had given thereon to her son George and daughter Beulah be held void and set aside, on the ground that such instruments were given in fraud of the rights of creditors of said furniture company.   Defendants answered in denial, the material substance of their lengthy answer being that

---

[3]Judgments, 34 C. J. § 1312; [4]Corporations, 14A C. J. § 3062.

when said deed was given to Lillias L. Carpenter it was for an adequate consideration and the furniture company was then solvent, owing only about $15,000 of indorsed and secured paper, which it was abundantly able to pay; also denying that "the Kent county circuit court, in chancery, ever acquired any jurisdiction to appoint a receiver" for said furniture company. Following various preliminaries the case was brought to a hearing on pleadings and proofs taken in open court resulting in a decree on May 26, 1924, granting the relief asked by plaintiff, from which defendants have appealed.

The business of the company under consideration here was started in 1876 by Elijah Haney, who was about 93 years old when this case was heard. He purchased and began business on the factory property in Grand Rapids where the company has ever since been located. In the years which followed he there developed a large and prosperous manufacturing enterprise. For a time it was known as the Empire Manufacturing Company, later doing business as the Haney Manufacturing Company, and in 1889 he organized it into a close family corporation under the corporate name of the Haney School Furniture Company, which line of manufacture under certain patents he then held proved profitable and expanded under his management. The stockholders and officers of the corporation consisted of himself, his wife, Harriet Haney, and their daughters, Ida May Haney, Alberta Haney Lockwood, and Lillias L. (Haney) Carpenter, defendant herein. For much of its corporate life the company prospered and the family was in apparent affluence. In 1915 its books showed a surplus of over $80,000, but Elijah Haney was then growing old, family difficulties and dissensions arose, money was withdrawn by members of the family to buy farms, real estate in the city and for other purposes, the business ceased to prosper as before and deficits re-

sulted each year thereafter until the corporate term expired on June 7, 1919, with evident increase of family friction, part of them wanting to continue the business and others to discontinue and liquidate. Their dissensions developed into litigation between themselves.   Alberta had two suits against her father and mother and defendant Lillias L. Carpenter began suit against Alberta and Ida May asking for appointment of a temporary receiver and an injunction to restrain them from continuing the business or contracting any indebtedness in the name of the expired corporation.   The Michigan Trust Company was appointed receiver by the court and a preliminary injunction granted on August 16, 1920.   While that litigation was pending the parties negotiated a settlement amongst themselves under which Lillias L. Carpenter in consideration of a conveyance to her of the so-called warehouse property of the company agreed to transfer all her interest and stock in the company, which she stated amounted to $3,000, to "the Haney School Furniture Company and the parties holding stock therein in proportion to their respective holdings of stock."   This agreement was consummated by exchange of properly executed transfers on July 23, 1920.   The deed to her of the warehouse property was executed and acknowledged by the "Haney School Furniture Company, by Elijah Haney, president, by Ida May Haney, Sec'y, Elijah Haney, Harriet L. Haney, Ida May Haney, Alberta Haney Lockwood."   On September 4, 1920, the order of August 16, 1920, granting an injunction and appointing a receiver was, on motion of counsel for Lillias L. Carpenter, plaintiff therein, set aside and her bill dismissed.   The warehouse property was a part of the corporation's plant and consisted of a large two-story cement block warehouse 96x100 feet with the land on which it stood, stated by the court to be worth about $30,000.

The trial court found that since it was deeded to her the warehouse property had been—

"rented by Lillias L. Carpenter, it being conceded that the rentals had been averaging not less than two hundred dollars per month, making a total rental received by defendant up to the present time (May 25, 1924) of not less than four thousand seven hundred ($4,700) dollars."

When the deed of this property was given to Mrs. Carpenter her suit for appointment of a receiver for this corporation in which she held $3,000 (par value) of stock was pending. Under the undisputed facts she was not an innocent purchaser in good faith. Plaintiff claims that the stock she exchanged for the property was then worthless. The trial court said in part:

"which property was received by said defendant free and clear from all incumbrances upon the surrender of, and in exchange for, three thousand dollars, of the capital stock of said corporation, which stock, from the records of the company, had a small, if any, value, at that time, and the par value of which was, only three thousand dollars. That during the year 1920, the said Haney School Furniture Company, a corporation, was at all times insolvent and was unable to pay its obligations in due course of business." * * *

On June 7, 1919, when its charter expired, the corporation became subject to the following statutory provisions (3 Comp. Laws 1915, § 11335):

"All corporations whose charters shall expire by their own limitation, or shall be annulled by forfeiture or otherwise, shall nevertheless continue to be bodies corporate, for the term of three years after the time when they would have been so dissolved, for the purpose of prosecuting and defending suits by or against them, and of enabling them gradually to settle and close their concerns, to dispose of and convey their property, and to divide their capital stock; but not for the purpose of continuing the business for

which such corporations have been or may be established."

This statute makes plain that within the three-year period after the charter of this corporation expired it was the duty of its officers and stockholders to close up its affairs, first pay its debts and then distribute its remaining assets, if any, amongst its stockholders. Until its indebtedness was all liquidated the assets of the corporation were impressed with a trust for the benefit of its creditors to the extent of its indebtedness, even though they were disbursed amongst stockholders or taken over by a new corporation chartered to continue the business. The dissolution of the corporation took place at the expiration of its charter except as certain of its powers were continued during a stated time for settling its affairs and closing up the business.

"The property of a corporation is doubtless a trust fund for the payment of its debts, in the sense that when the corporation is lawfully dissolved and all its business wound up, or when it is insolvent, all its creditors are entitled in equity to have their debts paid out of the corporate property before any distribution thereof among the stockholders. It is also true, in the case of a corporation, as in that of a natural person, that any conveyance of property of the debtor, without authority of law, and in fraud of existing creditors, is void as against them. Story, Equity Jur. § 1252; *Curran* v. *Arkansas*, 15 How. (U. S.) 304; *Graham* v. *Railroad Co.*, 102 U. S. 148, 161; *Railroad Co.* v. *Howard*, 7 Wall. (U. S.) 392; *Goodin* v. *Cincinnati & Whitewater Canal Co.*, 18 Ohio St. 169." *Wabash, etc., R. Co.* v. *Ham*, 114 U. S. 587 (5 Sup. Ct. 1081).

In *Clark* v. *Clark Machine Co.*, 151 Mich. 416, 424, this rule is recognized in the following excerpt:

"We are compelled to hold that the assessable stock and the assets of a corporation constitute a trust fund, not only for the benefit of existing, but also for future,

creditors (*American Steel & Wire Co.* v. *Eddy,* 130 Mich. 266; *Peninsular Savings Bank* v. *Stove Polish Co.,* 106 Mich. 535; *Upton* v. *Tribilcock,* 91 U. S. 45), and that the assets of a corporation cannot be used by it in the purchase of its outstanding stock to the exclusion of subsequent creditors."

"But the modern doctrine is that whether a corporation is dissolved by expiration of its charter, or by a judgment of forfeiture, or otherwise, and in the absence of any statute on the subject, a court of equity will hold the assets first for the payment of all debts, and then for distribution among the stockholders, or members in proportion to the stock held by them."    5 Thompson on Corporations (2d Ed.), § 6618.

In this case the stockholders and officers of the corporation did not observe that rule or follow the statutory requirements.    Mrs. Carpenter as a stockholder did institute a suit to compel them to do so and the court granted her the relief asked so far as the suit proceeded, but she abandoned it and turned her worthless stock over to the expired corporation or its other stockholders and they in turn deeded to her a valuable portion of the assets of the corporation for so doing.    This they could not do in disregard of the rights of creditors of the corporation.    The property which she received for her stock yet remained impressed with a trust for their protection.

Shortly before the three years expired creditors made application to the court for the appointment of a receiver and plaintiff was appointed.    After qualifying it filed this bill to recover for the benefit of creditors this property, which was an asset of the corporation and part of its plant when its charter expired.

Defendants' basic contention that the circuit court, in chancery, of Kent county had no jurisdiction to appoint a receiver for the corporation, which is urged and argued at length in their counsel's brief, was de-

cided contrary to such contention in the recent case of *Grand Rapids Trust Co.* v. *Carpenter, ante,* 491.

The contention that said corporation was not insolvent when the warehouse property was deeded to Mrs. Carpenter turned on a question of fact. That issue was tried out at length in the lower court. The books and records of the corporation, as well as those of its abortive successor were in evidence and gone over by expert witnesses who testified as to the results. There was ample evidence to support the conclusions of the court as to the financial condition of the corporation when this deed was given and later. Some $76,000 of verified claims of creditors had been filed against the corporation when this case was heard. The warehouse property was an asset of the corporation constituting a part of the trust fund holden "not only for the benefit of existing but also for future creditors" (*Clark* v. *Clark Machine Co., supra*). Defendants cannot be held innocent, good faith parties in this transaction under the circumstances shown here.

The record well supports and we find no occasion to disturb the decree rendered by the trial court. The same will stand affirmed, with costs to plaintiff.

McDONALD, C. J., and CLARK, BIRD, SHARPE, MOORE, FELLOWS, and WIEST, JJ., concurred.