WILLIAM STARK V. BELLAMY BROTHERS.

[FILED MAY 20, 1890.]

1. **Review.** The judgment of a district court, in a case brought
   to this court by petition in error, will be affirmed unless the
   errors assigned, or some one of them, appear on the face of the
   record.

2. ————: PRACTICE. In an action in this court, brought on error
   to the district court of G. county, it appeared that the action
   was originally brought and tried before the county judge, and
   taken thence to the district court upon a petition in error; that
   in the district court the plaintiff in error suggested diminu-
   tion of the record, with request for an order thereon to the
   county judge. No order upon this suggestion appears in the
   record proper, but it appears by a certified copy of the judge's
   minutes that such request was allowed and an amended trans-
   script ordered. A certificate, though informal and imperfect,
   was made and presented in conformity to the order the same
   day by the county judge, and was allowed to remain as a part
   of the record. *Held*, That the assignments of error in such case,
   that " I. The court erred in overruling the motion suggesting a
   diminution of the record," and " II. The court erred in not al-
   lowing a complete transcript to be brought up from the county
   court," must be overruled.

ERROR to the district court for Gosper county. Tried
below before COCHRAN, J.

*J. A. Dudgeon*, and *W. E. Bellows*, for plaintiff in error,
cited: *Morrill v. Taylor*, 6 Neb., 246, and cases.

*E. B. Wright*, and *W. S. Morlan*, contra.

COBB, CH. J.

This case was brought up on error to the district court
of Gosper county. The errors assigned are :

" 1. The court erred in overruling the motion filed sug-
gesting a diminution of the record.

" 2. The court erred in not allowing a complete transcript to be brought up from the county court.

" 3. The court erred in deciding there was no error on the face of the record filed in the district court.

" 4. The court erred in overruling the motion for a new trial.

" 5. The court erred in its conclusions and rulings on the law in the said cause."

The cause was originally brought in the county court, or before the county judge of Gosper county. The cause of action was a promissory note, alleged to have been executed and delivered by said William Stark to said Bellamy Brothers for the sum of one hundred and thirty-five dollars and thirty-five cents, with ten per cent interest from date, dated June 11, 1887, and the judgment demanded was for the said sum and interest. It was, therefore, a case in which a justice of the peace would have jurisdiction, and, when brought in the county court, was what is known as a *non-term* case, and the summons was properly made returnable on a day other than the first day of the next term of said county court. There were several continuances of the cause before the county judge, but finally, on the 18th day of May, 1887, as appears from the record, the parties appeared, the defendant filed his answer, consisting of a plea of payment, and judgment was rendered for the plaintiffs. The cause was then taken to the district court of said county by petition in error. The errors assigned were overruled by the district court, which affirmed the judgment of the county judge.

The only question which can be considered in this court is that arising upon the assignments of error numbered one and two.

In the district court the plaintiff in error made, under the oath of counsel, as well as of himself, a suggestion of a diminution of the record, alleging that the transcript of

39

the proceedings in the case before the county judge is defective and incomplete in the following particulars :

" 1. That on the 12th day of May, 1888, the day set for trial of said cause in the county court, William Stark, defendant therein, appeared before said court, and said court held said cause open two hours after the time allowed by law. The plaintiff failing to appear during said time, said court dismissed said cause, on said day, at plaintiff's cost, and so told the defendant.

"2. On another day, to-wit, May 18, 1888, and in absence of plaintiff in error, defendant in the court below, and without his knowledge, or without having any notice whatever from said court, the court took jurisdiction of said cause again without further service of summons or notice to said William Stark, and entered a judgment against him for $135.35, and the transcript in the case fails to show this ; with prayer for an order to the county judge to certify to said district court a correct transcript of the proceedings in said cause."

In addition to the above facts Mr. Stark in his affidavit also testified that when informed by the said county judge of the dismissal of said case, he thought that was the end of it, and did not see, nor meet, nor counsel with his attorney, J. A. Dudgeon, after said May 12, 1888, and had no knowledge before May 26, 1888, that a judgment had been entered against him in said cause, when his said attorney informed him thereof, and that he had a good and meritorious defense to said action, which he had been deprived of an oportunity, or day in court, to make. Also, an additional affidavit of J. A. Dudgeon, that he was attorney for said William Stark, defendant in said cause in the county court, upon the hearing of said cause in said court on the 18th day of May, 1888, and that William Stark, the defendant in said court, had no notice whatever of the pendency of any suit against him on May 18, 1888, in said court, nor had the affiant seen, conversed with, or coun-

seled with said William Stark between May 12 and May 18, 1888; when said county court assumed jurisdiction of the cause and entered judgment therein.

It does not appear in this record that the motion upon the above suggestion of a diminution of the record was overruled; but on the contrary there is attached thereto what purports to be a transcript of record from the trial docket of the district court of Gosper county, certified by the clerk thereof, from which it appears that the said motion was sustained, and amended transcript ordered November 12, 1888.

There is also in the record a paper which must be presumed to have been returned by the county judge in response to the said order. I here copy it:

"Judge Cochran: On the 12th day of May, 1888, Stark appeared and was ready for trial. After holding the case open for two hours after the time, and the plaintiffs Bellamy Bros. not appearing, I told Stark that I would dismiss it at plaintiffs' costs. The same day and about ten minutes after Mr. Stark left my office, and upon examina- of the papers, I found that I had no right to dismiss the case, and thereupon wrote Mr. Stark to that effect, and told him that I would set the case for trial May 18, 1888. I do not know whether he received it or not. The next morning I received a stipulation from the case setting the date for May 18, 1888.       C. L. LANNE,
                                "County Judge."

Presuming that the order of the district court to the county judge, commanding him to certify up a full and true transcript of the record, and pointing out the respect in which the transcript originally sent up was alleged to be defective in the suggestion of diminution filed by the plaintiff in error, it is quite apparent that the paper above copied was not a compliance therewith, and that it would have been stricken from the files, and further order made

upon the county judge to perfect the record had a motion been made therefor, and as no further motion was made, it must be presumed that the plaintiff in error was satisfied with this condition of the record, or he would not have gone to trial thereon without a further effort to correct it. The record as presented in this court sustains none of the allegations of error assigned.

The judgment of the district court is therefore

AFFIRMED.

THE other judges concur.