NORTHWESTERN RAILROADER v. CHARLES H. PRIOR and Others.[1]

April 30, 1897.

Nos. 10,295—(30).

**Insolvent Corporation—Action Against Stockholders—Joinder of Causes of Action.**

An insolvent corporation made an assignment for the benefit of its creditors under the insolvency law. While the proceedings were pending, a judgment creditor commenced an action under G. S. 1894, c. 76, to enforce the stockholder's individual liability; and thereafter another judgment creditor, by leave of the court, intervened in this action, and filed a cross complaint, in which it is alleged that the corporation fraudulently issued to a certain stockholder defendant, and he fraudulently accepted, a certain amount of its capital stock, for a certain grossly inadequate consideration, and praying judgment for the sum equitably due the creditors by reason of such fraud. On demurrer to the cross complaint, *held*, two causes of action are not improperly united in the same action, but the uniting of the same is authorized by said chapter 76.

**Same—Res Adjudicata—Appeal.**

The cross complaint was demurred to on two grounds: (1) That several causes of action are improperly united; and (2) that it does not state a cause of action. The court erroneously sustained the demurrer on the first ground, but made no mention of the second ground. *Held*, judgment sustaining the demurrer on the first ground would be in abatement, while judgment sustaining the demurrer on the second ground would be on the merits, and might be a bar to a second action; and, even though the demurrer should have been sustained on the second ground, this court cannot on appeal, for the purpose of affirmance, shift the ground on

1 Reported in 70 N. W. 869.

which the demurrer is sustained. The court below failed to dispose of one of the issues of law raised by the demurrer, and this court cannot pass on that issue.

Action in the district court for Hennepin county by a judgment creditor of the Cyclone Steam Snowplow Company to enforce the double liability of its stockholders. The Railroad Gazette, another judgment creditor, filed its claim and a supplemental complaint reaffirming the cause of action set out by the plaintiff and, as a separate cause of action, alleging that the stock of the company had not been paid up except by the transfer to it of fraudulently overvalued property. One of the defendant stockholders, Horace A. Towne, demurred to this supplemental complaint. From an order sustaining the demurrer, Jamison, J., the Railroad Gazette appealed. Reversed.

*John E. Stryker*, for appellant.

The subject of this action is the relation of the stockholders to the corporation, with all its varied responsibilities, in so far as they affect all the creditors of the company. The constitutional contract to answer for the debts of the corporation to an amount equal to the face value of stock held is a transaction connected with the same subject of action as the transaction by which the stock was fraudulently paid for in over-valued property. At any rate G. S. 1894, c. 76, creates a special rule. The proper form of action in which to enforce the double liability of stockholders is one under this chapter. Allen v. Walsh, 25 Minn. 543; Johnson v. Fischer, 30 Minn. 173; Olson v. Cook, 57 Minn. 552. This chapter also furnishes a remedy for the creditor to procure the payment, for his benefit, of bonus, partly paid, or fraudulently paid stock, or capital withdrawn. Hospes v. Northwestern, 48 Minn. 174; Spooner v. Bay, 47 Minn. 464; Minnesota v. Langdon, 44 Minn. 37. The purposes of both these causes of action are to collect from all stockholders a fund to pay all the creditors. McKusick v. Seymour, 48 Minn. 158. That the liability of stockholders for unpaid subscriptions and the constitutional double liability may be enforced in the same action under G. S. 1894, c. 76, see cases cited above and also National v. St. Anthony, 61 Minn. 359; Arthur v. Willius, 44 Minn. 409, and In re People's, 56 Minn. 180.

*Flannery & Cooke*, for respondent.

The cause of action set forth in that part of the amended additional

complaint referring to the transfer of stock to Caldwell for patent rights held by him, is one based upon fraud alone. Hospes v. Northwestern, 48 Minn. 174; Smith v. Prior, 58 Minn. 247; Hastings v. Iron Range, 65 Minn. 28. The constitutional liability is one of contract, and the two can not be joined unless they arise out of the same transaction or out of transactions connected with the same subject of action. They do not arise out of the same transaction, for there are as many transactions as there are purchases of stock. Nor are they connected with the same subject of action. This clause has no application in a case like the present. The same parties are not even affected, for if there was any fraud in the transfer of stock for patent rights, the transferee is alone responsible. The fact that this is a suit by a creditor of the corporation under G. S. c. 76, does not authorize the joining in one complaint of all possible causes of action. Pioneer v. St. Peter, 64 Minn. 386.

CANTY, J. The Cyclone Steam Snowplow Company, a corporation organized under the laws of this state, made an assignment for the benefit of its creditors under the insolvency law of this state. During the pendency of the insolvency proceedings, the plaintiff, a judgment creditor, brought this action, under G. S. 1894, c. 76, to enforce the stockholders' constitutional liability. The Railroad Gazette, another creditor of the plow company, intervened in this action; and, by leave of court, filed a cross complaint, in which it is alleged that the plow company issued its entire capital stock, to the total amount of $1,000,-000, to the defendant Edward P. Caldwell, and that the only consideration he paid for the same was the transfer by him to the plow company of certain patent rights of no greater value than $25,000, as he and the plow company well knew, and that the plow company received the same in full payment for said stock. There are other allegations by which it is sought to be shown that the issue of the stock as aforesaid is a fraud on the creditors of the plow company. It is further alleged

"that each and all of the defendants above named, before and at the time they acquired their respective holdings of stock as hereinbefore alleged, had full knowledge and notice of the fraudulent agreement made by and between said Caldwell and said Cyclone Steam Snowplow Company, as aforesaid, and well knew that said stock had not been paid for, except in the manner aforesaid."

68 M.—7

The defendant Towne, a stockholder, demurred to this cross complaint on two grounds: (1) That, by reason of it, several causes of action are improperly united in this action; and (2) that it does not state facts sufficient to constitute a cause of action. The demurrer was sustained by the court on the first ground, but no mention is made in the order of the second ground of demurrer. The intervenor appeals.

We are of the opinion that the court erred in sustaining the demurrer on the ground on which it was sustained. True it is that the cause of action set out in the plaintiff's complaint is one on contract, on a statutory obligation assumed as part of the contract, while the cause of action set out in the cross complaint is held by this court to be one founded on fraud in the issuing of the stock. Hospes v. Northwestern, 48 Minn. 174, 50 N. W. 1117; Hastings v. Iron Range, 65 Minn. 28, and, for the purposes of this action, it may be conceded that, without the aid of the provisions of said chapter 76, the two causes of action could not properly be united in one action. But we are of the opinion that the provisions of chapter 76 authorize two such causes of action to be thus united. A similar cross complaint was demurred to in Hospes v. Northwestern, supra, where it is said, 48 Minn. 190:

"The object is to recover from these stockholders the amount of certain stock held by them, but alleged never to have been paid for. What was said in [McKusick v. Seymour, 48 Minn. 158,] is equally applicable here as to the right to enforce such a liability in the sequestration proceeding upon the petition or complaint of creditors who have become parties to it."

The Hospes case and McKusick case were both actions under chapter 76, and each was brought by a creditor in behalf of himself and all other creditors, for the appointment of a receiver to take charge of the property and effects of the insolvent corporation and distribute the proceeds of the same among its creditors. In the McKusick case, the court held, on demurrer, that a cross complaint to enforce the stockholders' constitutional liability was properly allowed; and in the Hospes case the court held, as we have seen, that, for a like reason, the cross complaint there in question was properly allowed. The present action, it is true, is not a sequestration proceeding, but it is supplemental to such a proceeding instituted under the insolvency law, as was Olson v. Cook, 57 Minn. 552, 59 N. W. 635.

In our opinion, the provisions of chapter 76 authorize the uniting in such a supplemental action of proceedings to enforce the stockholders' constitutional liability, and proceedings to recover on the ground that stock was fraudulently issued for an inadequate consideration. We will quote only the following sections from this chapter, as found in G. S. 1894:

"Sec. 5905. Whenever any creditor of a corporation seeks to charge the directors, trustees, or other superintending officers of such corporation, or the stockholders thereof, on account of any liability created by law, he may file his complaint for that purpose, in any district court which possesses jurisdiction to enforce such liability.

"Sec. 5906. The court shall proceed thereon as in other cases, and, when necessary, shall cause an account to be taken of the property and debts due to and from such corporation, and shall appoint one or more receivers.

"Sec. 5907. If, on the coming in of the answer, or upon the taking of any such account, it appears that such corporation is insolvent, and that it has no property or effects to satisfy such creditors, the court may proceed, without appointing any receiver, to ascertain the respective liabilities of such directors and stockholders, and enforce the same by its judgment as in other cases.

"Sec. 5910. If the debts of the company remain unsatisfied, the court shall proceed to ascertain the respective liabilities of the directors or other officers, and of the stockholders, and to adjudge the amount payable by each, and enforce the judgment as in other cases."

In speaking of proceedings under chapter 76, it is said in Arthur v. Willius, 44 Minn. 409, 412, 46 N. W. 851.

"The proceedings are susceptible of being moulded into almost any form necessary to accomplish their purpose of securing a full and final adjustment of the rights and liabilities of all parties growing out of the corporate business. During the progress of the proceedings, new parties may be admitted or brought in, and new issues introduced from time to time, as they become necessary for the final winding up of the affairs of the corporation, and the enforcement of all the rights of creditors. * * * In short, the proceedings are intended to be so elastic as to be susceptible of development during their successive stages of progress, as to reach not only all the corporate assets, but also all liabilities of stockholders and others so far as necessary for the payment of creditors."

We are, however, of the opinion that the cross complaint does not allege facts from which it appears that any stockholder except the de-

fendant Caldwell is liable for the fraudulent issue of the stock to him, as therein alleged.  True, it is alleged that the other defendant stockholders, "at the time they acquired their respective holdings of stock as hereinbefore alleged, had full knowledge and notice of the fraudulent agreement" between Caldwell and the plow company.  But it is not anywhere alleged how or from whom these other stockholders acquired their stock.  The cross complaint contains no allegation on this point except as it refers to and realleges all the facts set out in plaintiff's complaint.  The latter complaint merely states the amount of stock held by each defendant stockholder at different dates, but does not state from whom he obtained such stock.  It is not alleged that any of these other defendant stockholders obtained his stock from Caldwell, and, for the purpose of this case, we may assume that the complaint states no cause of action against any defendant stockholder except Caldwell.  But, in our opinion, there is no misjoinder of causes of action, even though the cross complaint sought to charge no one but Caldwell.  The amount recovered from him would belong equally to each creditor in proportion to the amount of his claim.  In this respect the cause of action is very different from that attempted to be injected into the case of Sturtevant v. Mast, 66 Minn. 437, where the creditor attempted to set up against certain members of the corporation a separate cause of action accruing to himself alone, and in which the other creditors had no interest whatever.  This, it was held, he could not do. This disposes of the first ground of demurrer.

The court below does not appear to have passed on the second ground of demurrer at all.  It is urged by respondent that, if the demurrer should have been sustained on either ground, the order appealed from should be affirmed; that if the court has sustained the demurrer on the wrong ground, instead of the right one, it is merely a case of giving a wrong reason for a correct decision.  We cannot agree with respondent.  If judgment was given on the order made, it would be a judgment of abatement for misjoinder of causes of action, and would not be a bar to another action; while, if the demurrer was sustained on the other ground, judgment entered thereon would be a final adjudication on the merits on the particular facts presented, and a bar to any action in which no additional facts were alleged.  Then it makes a great difference whether the demurrer is sustained on the one

ground or the other, and this court cannot shift the ground on which the demurrer is sustained. The court below has disposed of one issue of law, but not of the other; and this court cannot pass on the issue not disposed of. The respondent should have asked the court to dispose of the other ground of demurrer.

The order appealed from is reversed, and the case remanded.