S. G. BERNARD, TRUSTEE IN BANKRUPTCY OF THE ESTATE OF AMERICAN FOUNDRY COMPANY, A BANKRUPT CORPORATION, v. LOUIS CARR.

(Filed 23 December, 1914.)

1. **Corporations—Subscription to Stock—Trusts and Trustees—Unpaid Stock —Creditors.**

   Subscriptions of indebtedness for stock due a corporation are a trust fund for the benefit of its creditors, and whatever may be the rights of the stockholders as among themselves, the creditors have the right to have such fund collected and applied to the discharge of their debts, which may be required by the courts, when necessary, and in a proper and appropriate action.

2. **Corporations—Stock Subscriptions—Consideration—Acceptance of Stock.**

   It is not lawful for a stockholder in a corporation to pay for his stock only by lending his credit to the concern, or by indorsing the corporate note; but no other consideration is necessary to be shown, in order to fix him with a stockholder's liability to the corporation creditors, than his acceptance of and holding the stock issued to him.

3. **Corporations — Unpaid Subscriptions — Trustee in Bankruptcy—Right of Action.**

   A trustee in bankruptcy of a corporation may, since the amendment to the bankruptcy act of 1910, maintain an action against the shareholders of the corporation to compel payment of their unpaid subscriptions to its stock to the extent necessary to protect its unpaid creditors; and he is not bound by any illegal acts of the corporation with respect to the issuance of the shares.

4. **Same—Bankrupt Courts—Orders—State Courts—Collateral Attack.**

   Where upon petition filed by the trustee of a bankrupt corporation in proceedings in the Federal court, a citation is issued to a stockholder to show why an assessment should not be made against him to collect the unpaid amount of his subscription, and the trustee is authorized to bring his action in the State court for the purpose of enforcing payment, and these proceedings appear to be regular in all respects, the validity thereof cannot be questioned in the State courts.

APPEAL by defendant from *Cline, J.,* at September Term, 1914, of BUNCOMBE.

Civil action, tried upon exceptions to a report of referee.

From the judgment rendered the defendant appealed.

*Harkins & Van Winkle for plaintiff.*
*Stevens & Anderson for defendant.*

BROWN, J. This is an action brought by the trustee in bankruptcy of an insolvent corporation to collect the assessment made upon a stockholder for unpaid stock. It appears from the findings of fact that the defendant Louis Carr was a stockholder in the said corporation, owning

ten paid-up shares. Afterwards, in order to induce the defendant to give the corporation the benefit of his influence, and in order that he might become a director, the defendant was given twenty shares of the capital stock of the corporation of the par value of $100 each.

It is contended that the defendant did not subscribe for the said shares. It is not necessary that he should. The facts are that the stock certificate was issued to him, mailed to him, received by his secretary, and accepted by him. It is well settled that the acceptance and holding of the certificate of shares of the corporation makes the holder liable to the responsibilities of a shareholder. *Upton v. Triblecock*, 23 Law Ed. (U. S.), 204; *Powell v. Lumber Co.*, 153 N. C., 52.

It is well settled in this State, as in most other States of this Union, that the subscription of indebtedness for stock due to a corporation is a trust fund for the benefit of its creditors, and whatever may be the rights of its stockholders as among themselves, the creditors have the right to have such fund collected and applied to the discharge of their debts. If the capital stock has not been paid for by those to whom the certificates have been issued, it is the plain duty of the directors or of the courts to require it to be collected, or so much thereof as may be necessary to discharge its unpaid debts. *Clayton v. Ore Knob Co.*, 109 N. C., 385, and cases cited.

In the case of *Hobgood v. Ehlen*, 141 N. C., 344, the Court said: "The general rule in all the States is that a subscriber to the stock of a corporation is under liability to pay therefor, which liability, so far as creditors are concerned, can only be extinguished by actual payment or a valid release. . . . This is founded upon the theory that the capital stock is the fund or resource with which the corporation is enabled to transact its business, *and upon the faith of which persons give credit to the corporation.* It is a trust fund for the benefit of creditors. *The public has a right to assume that the capital stock has been or will be paid for in money or money's worth when necessary to meet corporate liabilities.*"

This trust fund doctrine not only prevails in practically all of the States of the Union, but is recognized and enforced by the Supreme Court of the United States. *Scovill v. Thayer*, 105 U. S., 143; *Washburn v. Green*, 133 U. S., 30; *Upton v. Triblecock*, 91 U. S., 45; *Sanger v. Upton*, 91 U. S., 56; *Hanley v. Stulz*, 139 U. S., 417.

There is something said in the record that a supposed consideration for this stock was the indorsing of a note for the corporation by the defendant. Such a transaction would not be lawful, for stock cannot be paid for by services of that character. Besides, the defendant, himself, says that he paid nothing by reason of this indorsement.

It is further contended that the trustee in bankruptcy has no power to sue for the unpaid purchase money due for the stock; that the records and proceedings did not show any right or authority in the trustee to sue, as no assessment was made. The right of a trustee to sue is well founded. Since the amendment of the bankruptcy act of 25 June, 1910, a trustee in bankruptcy is vested with all the rights of a judgment creditor upon whose judgment execution has been issued and returned unsatisfied. The trustee is not bound by the illegal acts of the corporation. He has power to sue, to set aside its fraudulent conveyances, as well as to collect its unpaid stock subscriptions. *In re Bazemore,* 189 Fed., 236; *In re Colhoun Supply Co.,* 189 Fed., 537; *In re Farmers Supply Co.,* 196 Fed., 990.

It appears from the record that the trustee filed his petition in the bankrupt court, setting forth the necessity of collecting the unpaid stock subscriptions, and the defendant was cited to appear to show cause why an assessment should not be levied against him. The proceeding seems to be in all respects regular. *Scovill v. Thayer,* 105 U. S., 143.

The orders of the bankrupt court are conclusive upon us as to the right of the trustee to bring this suit. That decree gave the jurisdiction and necessary authority to the trustee, and its validity and regulation cannot be questioned in this proceeding.

The defendant cannot be allowed to question the validity of the proceedings in the bankrupt court except in a separate and direct proceeding in that court instituted for that purpose. As said in *Sanger v. Upton,* 91 U. S., 56, "A different rule would be pregnant with mischief and confusion."

The judgment of the Superior Court is
Affirmed.