HENRY C. MACKALL v. MERTON A. POCOCK.[1]

February 2, 1917.

Nos. 20,051—(180).

**Corporation — recovery of unearned dividends by trustee in bankruptcy.**

Dividends paid to stockholders out of the capital of a corporation at a time when it had made no profits, owed debts, but was not then insolvent may, the corporation thereafter becoming bankrupt, be recovered back by the trustee in bankruptcy for the benefit of creditors who became such after the payment of such dividends, it not appearing that such creditors did not deal with the corporation in reliance on its capital being unimpaired as represented.

[1]Reported in 161 N. W. 228.

Action in the district court for Ramsey county by the trustee in bankruptcy of the Acme Tag & Manufacturing Company to recover $44.20. The case was submitted upon stipulated facts to Dickson, J., who ordered judgment in favor of defendant. From the judgment entered pursuant to the order for judgment, plaintiff appealed. Reversed.

*Orr, Stark & Kidder,* for appellant.

*T. R. Kane,* for respondent.

BUNN, J.

Plaintiff, as trustee in bankruptcy of the Acme Tag & Manufacturing Company, a domestic manufacturing corporation, brought this action to recover of defendant, a stockholder, unearned dividends paid to defendant by the corporation. The facts were stipulated. The court found as a conclusion of law that plaintiff was not entitled to recover. Judgment was entered accordingly, and plaintiff appealed.

The question is whether or not dividends paid to stockholders out of the capital of a corporation, at a time when the corporation had made no profits, owed debts, but was nevertheless solvent, can be recovered back by a trustee in bankruptcy for the benefit of creditors whose claims were created after the payment of such dividends.

The stipulated facts present squarely the question stated. Defendant purchased his stock in the corporation in April and May, 1910. In September of that year the directors declared a dividend of 8 per cent, though the corporation had earned no profits to pay it. Shortly thereafter the dividend declared was paid to defendant. He had no knowledge that it was not earned. The corporation, though it had no surplus, and had not earned profits, was actually solvent, and the payment of the dividends declared did not render it insolvent. It was adjudged a bankrupt September 10, 1912, and there are no funds in possession of plaintiff trustee applicable to the payment of over $10,000 in unsecured debts filed and allowed in the bankruptcy proceedings. These debts were all created after the so-called dividends were paid.

There is no direct decision by this court on the exact question involved. The Federal courts have uniformly held against the right to recover dividends so paid when the stockholder acts in good faith and the corporation is not at the time insolvent. Graham v. Railroad Co. 102 U. S. 148,

26 L. ed. 106; Wabash, St. L. & P. Ry. Co. v. Ham, 114 U. S. 587, 5 Sup. Ct. 1081, 29 L. ed. 235; Hollins v. Brierfield Coal & Iron Co. 150 U. S. 371, 14 Sup. Ct. 127, 37 L. ed. 1113; McDonald v. Williams, 174 U. S. 397, 19 Sup. Ct. 743, 43 L. ed. 1022; New Hampshire Sav. Bank v. Richey, 121 Fed. 956, 58 C. C. A. 294; Great Western Mining & Mnfg. Co. v. Harris, 128 Fed. 321, 63 C. C. A. 51. In Kom v. Cody Detective Agency, 76 Wash. 540, 136 Pac. 1155, 50 L.R.A.(N.S.) 1073, it was held that an agreement by a corporation to purchase from a stockholder its own stock was both contrary to public policy and in violation of a statute of that state making it unlawful for a corporation to make any dividend except out of profits, or to divide, withdraw or in any way pay to the stockholders or any of them any part of the capital stock of the company. This was held, notwithstanding the fact that the corporation was solvent and had no creditors at the time. The Michigan court has in several cases upheld the right to recover of stockholders dividends paid out of capital, though the corporation is solvent at the time, and the creditors are subsequent creditors. American Steel & Wire Co. v. Eddy, 130 Mich. 266, 89 N. W. 952; Id. 138 Mich. 403, 101 N. W. 578; Detroit Trust Co. v. Goodrich, 175 Mich. 168, 141 N. W. 882, Ann. Cas. 1915C, 821. These cases are decided under a statute of the state almost identical with our statute (G. S. 1913, § 6450), which provides that:

"If the capital stock of a manufacturing corporation is withdrawn and refunded to the stockholders before the payment of corporate debts for which it would have been liable, the stockholders shall be liable to any creditor, to the amount of the sum so refunded to each of them, respectively * * *."

The Michigan court, however, had no doubt that the dividends could be recovered, indepedently of the statute, as being a fraudulent disposition of assets.

The Federal cases cited, and those from Washington and Michigan, and the Wisconsin case of Atlanta A. & W. Assn. v. Smith, 141 Wis. 377, 123 N. W. 106, 32 L.R.A.(N.S.) 137, 135 Am. St. 42, conceding that a refundment of capital by a corporation may be a fraud on subsequent creditors, show that the authorities are not in accord on the question to

be here decided. Let us examine our own decisions, and try to discover to what conclusion they lead.

In Minnesota Thresher Mnfg. Co. v. Langdon, 44 Minn. 37, 46 N. W. 310, plaintiff was the purchaser, at a judicial sale, of "all the assets, property and business of the Northwestern Manufacturing & Car Company," and sought to recover dividends paid by that company to its stockholders out of its capital. It was held that neither the corporation itself, nor its creditors on their own behalf, could recover said dividends, and therefore that plaintiff could not. Though not necessaary to a decision of the case, the court said [page 39] that the right of the receiver of the corporation "to recover these unearned dividends paid to its stockholders by the corporation out of capital cannot be doubted." It appeared in that case that the corporation was insolvent when the dividends were paid, and it is not said that there may be a recovery where the only creditors are those whose claims arose after the payment.

The able and exhaustive opinion of Justice Mitchell in Hospes v. Northwestern Mnfg. & Car Co. 48 Minn. 174, 50 N. W. 1117, 15 L.R.A. 470, 31 Am. St. 637, who also wrote in the case last cited, dealt with the right of creditors of a corporation to compel stockholders to pay for "bonus" stock. The doctrine that the capital of a corporation is a trust fund for the payment of its debts was criticized, in effect repudiated. The right of a corporation to use, sell and dispose of its property, was said to be the same as the right of a natural person, and any transfer or conveyance of its property by a corporation is tested by the same rules as is such a transfer by a natural person. If the transfer is in fraud of creditors it is invalid, otherwise not. Issuing shares wholly or partly as a bonus, giving back to stockholders the assets of a corporation, paying dividends out of capital, voluntary conveyances of property, stock paid in overvalued property, were declared to be "all forms of one and the same thing, all reaching the same result (a disposition of corporate assets), which may or may not be a fraud on creditors, depending on circumstances." This being once determined, the question of the right of subsequent creditors to insist on payment of stock issued as paid up, but not in fact paid for, or not paid for at par, was easy of solution. A creditor whose debt was contracted prior to the issue had no such equity,

since he could not have trusted the company upon the faith of such stock. First Nat. Bank of Deadwood v. Gustin M. M. Co. 42 Minn. 327, 44 N. W. 198, 6 L.R.A. 676, 18 Am. St. 510; Handley v. Stutz, 139 U. S. 417, 11 Sup. Ct. 530, 35 L. ed. 227. Nor had a subsequent creditor who has dealt with the corporation with knowledge of the issue of bonus stock, as he would not be defrauded. But a subsequent creditor who trusts the corporation in ignorance that the stock has not been paid for, on the faith that it has paid in capital to the amount it represents itself as having, so that he can be said to have relied upon the professed amount of capital, may have enforced in his favor the right to recover from the holders of bonus stock, or stock not fully paid for. We have recently upheld this right of subsequent creditors in the case of Randall Printing Co. v. Sanitas M. W. Co. 120 Minn. 268, 139 N. W. 606, 43 L.R.A.(N.S.) 706, in which we applied the "fraud" doctrine as laid down in the Hospes case.

Is there a sound distinction between a case where a corporation disposes of its capital by issuing bonus stock, or stock but partly paid for, and one where it disposes of its capital by paying dividends out of it? Both are dispositions of the corporate assets, just as transfers of the tangible assets of the corporation are. As said in the Hospes case, they are all forms of one and the same thing, all reaching the same result, a disposition of corporate assets. Indeed Justice Mitchell expressly includes paying dividends out of capital in his enumeration of such dispositions of assets. We see no distinction. In each case the right of a creditor to question the transaction depends wholly on whether he dealt with the corporation on the faith that its capital was as represented, and not impaired by gifts to stockholders or to others. In the case at bar it is not shown that the creditors knew of the payment of these illegal dividends when they trusted the corporation. It is not shown that they did not rely on the capital being intact. Under the Hospes and Randall Printing Company cases, it is presumed that they extended credit to the corporation in reliance upon its capital being as represented.

The learned trial court based its decision upon Preiss v. Zins, 122 Minn. 441, 142 N. W. 822, being of the opinion that this case supports the doctrine of the Federal courts that "any withdrawal of capital by stockholders which does not impair the solvency of the corporation, but

leaves assets sufficient to pay the then existing debts, cannot be questioned by creditors who become such thereafter." It seems to us that this doctrine is in conflict with the Hospes case, and not supported by the Preiss case. That action was by the trustee in bankruptcy of an insolvent corporation to recover from a former stockholder the amount of capital stock withdrawn and refunded to him. The court said that the case might well be and probably was predicated upon the provisions of R. L. 1905, § 3069 (G. S. 1913, § 6450, hereinbefore quoted), which make liable to creditors stockholders to whom the capital stock of a manufacturing corporation has been withdrawn and refunded before the payment of corporate debts for which it would have been liable. It was held that intent of the parties was not a constituent element of the creditor's cause of action under this statute, and that the complaint stated a cause of action. One of the contentions of defendant was that the complaint did not show that plaintiff represented creditors who were such at the time of the withdrawal, and that the statute created no liability in favor of subsequent creditors. The court said that this construction of the statute might be conceded, but that the complaint, liberally construed, alleged the existence of unpaid claims of creditors at the time of the withdrawal. This was not even a holding that this was the correct construction of the statute, much less that there would be no liability, indepedently of the statute, to subsequent creditors who had dealt with the corporation in the faith that the stock had not been refunded. We are unable to see that the Preiss case in any way lends support to what is said to be the doctrine of the Federal courts.

The argument is made that defendant should not be liable because he believed the dividends were earned. This does not seem to us a feature of any importance. Defendant received assets of the corporation to which he was not entitled. Subsequent creditors who trusted the corporation in ignorance that its capital had been impaired by the payment of these dividends are entitled to recover on the ground of fraud, not actual fraud, but constructive fraud, fraud in law. It is surely no defense that the beneficiary of a voluntary conveyance which is fraudulent as to creditors, is himself innocent of any wrong. Knatvold v. Wilkinson, 83 Minn. 265, 86 N. W. 99.

Our conclusion, based upon the unanswerable logic of the opinion in

the Hospes case, is that the payment of dividends out of capital is a voluntary disposition of the assets of the corporation that impairs its capital, on a par with any other voluntary disposition of assets. Creditors who have extended credit to the corporation in ignorance of the payment of such dividends, and relying upon the capital being as represented, are entitled to have the sums so paid applied in payment of their claims, just as if the dividends had not been paid and were in the treasury of the corporation. We do not base this decision upon the statute quoted, nor upon any statute.

The judgment is reversed with directions to amend the conclusions of law and order judgment for plaintiff.