STATE BANK OF COMMERCE v. KENNEY BAND INSTRUMENT COMPANY AND OTHERS.[1]

July 11, 1919.

No. 21,274.

**Corporation — overvaluation of property received for stock — recovery of excess value from stockholders.**

1. Stockholders receiving stock partly bonus because issued to them fully paid in return for greatly overvalued property will be compelled to pay the difference between the value of what they gave and the par of the stock received, if such difference is required to pay the claims of subsequent creditors who have actually or presumably relied upon the stock as fully paid. This liability of the stockholders is founded upon fraud.

**Same — enforcement of liability by creditors of bankrupt corporation.**

2. Subsequent creditors can enforce this liability, when otherwise entitled to do so, though the corporation is in bankruptcy and a trustee is appointed, for the liability of the stockholder is not a corporate asset which the trustee takes from the bankrupt, nor is it a liability which he may assert as a representative of creditors.

Action in the district court for Hennepin county. The facts are stated in the opinion. Cyril L. Clark demurred to the complaint on the grounds that the facts stated in the complaint did not constitute a cause of action, that plaintiff had not legal capacity to sue, and that there was a defect of parties defendant in that the trustee in bankruptcy of defendant corporation was not made a party to the action. The demurrer was sustained, Rockwood, J. From the order sustaining the demurrer, plaintiff appealed. Reversed.

*Allen & Fletcher, James D. Shearer* and *L. B. Byard,* for appellant.
*Brady, Robertson & Bonner,* for respondent.

[1]Reported in 173 N. W. 560.

DIBELL, J.

Action by the plaintiff bank, a creditor suing in its own behalf and in behalf of all the creditors of the Kenney Band Instrument Company, a corporation in bankruptcy, to recover the difference between what they paid for their stock and its par value. There was a demurrer by the defendant Clark. The demurrer was sustained and the plaintiff appeals.

1. In substance the complaint alleges that $100,000 in stock of the Kenney Company was issued in payment of assets worth not more than $7,500. To the extent indicated the stock was bonus stock. The debt of the plaintiff arose subsequently to the issue of the stock to the defendant. The corporate assets are insufficient to pay the debts.

Where issued stock is bonus stock, or where it is partly bonus because issued as fully paid when only a part is or is to be paid, or when issued as fully paid upon a grossly inadequate consideration in property transferred, stockholders receiving it will be required to pay the difference between what they paid and par if subsequent creditors who have actually or presumably relied upon the stock as fully paid require it for the satisfaction of their debts. This is the settled doctrine of this state. The liability is founded on fraud, and the doctrine is extended to include substantially any diversion to stockholders of capital stock when it operates as a fraud upon subsequent creditors. Hospes v. N. W. Mnfg. & Car Co. 48 Minn. 174, 50 N. W. 1117, 15 L.R.A. 470, 31 Am. St. 637; N. W. Railroader v. Prior, 68 Minn. 95, 70 N. W. 869; Hastings Malting Co. v. Iron Range Brewing Co. 65 Minn. 28, 67 N. W. 652; Wallace v. Carpenter Elec. H. Mnfg. Co. 70 Minn. 321, 73 N. W. 189, 68 Am. St. 530; Downer v. Union Land Co. 113 Minn. 410, 129 N. W. 777; First Nat. Bank of Deadwood v. Gustin M. C. M. Co. 42 Minn. 327, 44 N. W. 198, 6 L.R.A. 676, 18 Am. St. 510; Minnesota T. M. Co. v. Langdon, 44 Minn. 37, 46 N. W. 310; Preiss v. Zins, 122 Minn. 441, 142 N. W. 822; Randall Printing Co. v. Sanitas M. W. Co. 120 Minn. 268, 139 N. W. 606, 43 L.R.A.(N.S.) 706; Mackall v. Pocock, 136 Minn. 8, 161 N. W. 228, L.R.A. 1917C, 390.

2. The question important here is whether subsequent creditors can enforce the liability stated against a stockholder when the corporation is in bankruptcy. The plaintiff claims that the trustee in bankruptcy can-

not sue and therefore the creditors can. The defendant claims that the right is in the trustee alone.

It has been held that the trustee in bankruptcy cannot maintain an action to enforce the liability. Courtney v. Croxton, 152 C. C. A. 235, 239 Fed. 247; Courtney v. Georger, 143 C. C. A. 257, 228 Fed. 859, affirming Courtney v. Georger, 221 Fed. 502; In re Jassoy Co. 101 C. C. A. 641, 178 Fed. 515; In re Huffman-Salvar Roofing Paint Co. 234 Fed. 798. The case first cited was decided by the circuit court of appeals of the Sixth circuit and the second and third ones by the circuit court of appeals of the Second circuit. A petition for review by certiorari of the second case was denied by the Supreme Court. 241 U. S. 660, 36 Sup. Ct. 448, 60 L. ed. 1226. The first and second cases involved a Minnesota corporation.

The Federal courts, in determining the character of the liability of the stockholders of a Minnesota corporation taking bonus stock, follow the construction of the highest court of Minnesota and make the character of the liability a question of local law. The question whether liability of such a character can be enforced by the trustee in bankruptcy is a Federal one. It is a question of what rights he takes under the bankrupt act.

If what it is sought to recover were an unpaid stock subscription no question could be made but that the trustee in bankruptcy could recover. The corporation if not in bankruptcy could. Its trustee could. The corporation cannot recover for bonus stock. See Hoffman M. T. Co. v. Erickson, 124 Minn. 279, 144 N. W. 952; Randall Printing Co. v. Sanitas M. W. Co. 120 Minn. 268, 139 N. W. 606, 43 L.R.A.(N.S.) 706, and cases cited in a preceding paragraph. A creditor, as we have seen, can, and a stockholder may protect his interests. Shaw v. Staight, 107 Minn. 152, 119 N. W. 951, 20 L.R.A.(N.S.) 1077, and cases cited.

In Minneapolis Baseball Co. v. City Bank, 66 Minn. 441, 69 N. W. 331, it was held that a receiver in sequestration proceedings could not recover of stockholders on their constitutional double liability, though in Minnesota T. M. Co. v. Langdon, 44 Minn. 37, 46 N. W. 310, it was held that a receiver could recover capital withdrawn and refunded to the stockholders as a gratuity. The subsequent legislation of 1897 and 1899 put a right of recovery in an assignee or receiver. See G. S. 1913, §

6645, et seq.; Way v. Barney, 116 Minn. 285, 133 N. W. 801, 38 L.R.A. (N.S.) 648, Ann. Cas. 1913A, 719; Somers v. Dawson, 86 Minn. 42, 90 N. W. 119. The Supreme Court of the United States has recognized the right of a receiver or assignee under our statute to recover on the constitutional liability. Bernheimer v. Converse, 206 U. S. 516, 27 Sup. Ct. 755, 51 L. ed. 1163; Converse v. Hamilton, 224 U. S. 243, 32 Sup. Ct. 415, 56 L. ed. 749, Ann. Cas. 1913D, 1292. But it holds that bankruptcy proceedings do not prevent a recovery on the constitutional liability in a proceeding by the creditors in a state court. Selig v. Hamilton, 234 U. S. 652, 34 Sup. Ct. 926, 58 L. ed. 1518, Ann. Cas. 1917A, 104. The holding is put substantially upon the ground that the liability is not a corporate asset, nor a liability on contract, nor a liability to the corporation, with which the trustee has to do, but a right created for the creditors and personal to them. A distinction may be drawn between the constitutional double liability and the liability on bonus stock, but the fact that a receiver appointed in Minnesota may recover on the double liability does not induce the Supreme Court of the United States to hold that the trustee in bankruptcy may. And in Seegmiller v. Day, 161 C. C. A. 213, 249 Fed. 177, decided by the circuit court of appeals of the Seventh circuit, it is held that the trustee can recover of stockholders dividends illegally paid from capital, but cannot recover upon a liability created by statute in favor of creditors and against directors assenting to the payment. To the same effect is In re Beachy & Co. (D. C.) 170 Fed. 825. And see Edwards v. Schillinger (1910) 245 Ill. 231, 91 N. E. 1048, 33 L.R.A. (N.S.) 895, 137 Am. St. 308.

The Federal cases noted hold in effect that the constitutional liability and the liability of the owner of bonus stock are for the creditors and in no sense constitute a corporate asset, and that the trustee cannot assert the liability as a successor to the property of the bankrupt nor as a representative of his creditors.

The following are cited for the defendant: Falco v. Kaupisch Creamery Co. 42 Ore. 422, 70 Pac. 286; Bernard v. Carr, 167 N. C. 481, 83 S. E. 816; Babbitt v. Read, 215 Fed. 395; In re Remington, etc., Co. 153 Fed. 345, 82 C. C. A. 421; DeMuth v. Faw, 103 Wash. 279, 174 Pac. 18; Grand Rapids Trust Co. v. Nichols, 199 Mich. 126, 165 N. W. 667. In all of these, and in some others cited, it was held that the trustee could

maintain an action, but an examination discloses that in all, except in the Michigan case, the liability was a corporate asset, or at least it was a liability distinguishably different from that which we are considering. The Michigan case relies largely upon section 47 of the bankrupt act, as amended June 25, 1910, giving the trustee the rights, powers and remedies of a judgment creditor. The other cases, those for and those against the right of the trustee, in effect let the solution of the question depend upon whether the liability is or is not a corporate asset or a right represented by the trustee.

The Michigan case has much in practical convenience to commend it. It fits in well with Bergin v. Blackwood, 141 Minn. 325, 170 N. W. 508. A holding which would permit the bankruptcy court in its administration of the bankrupt estate to enforce through its trustee the liability of holders of bonus stock, or to decline to do so and leave it to the state courts, as the convenience of the particular estate suggests, or which would permit the state court to proceed upon the refusal or failure of the trustee or the bankruptcy court to take action, would be workable. This would leave the right of administration in the bankruptcy court with the right in the creditors to prosecute the stock liability if the trustee did not. It might be well if the trustee had the requisite authority and the question were made one of convenient practice. But the holdings are not so. In Mackall v. Pocock, 136 Minn. 8, 161 N. W. 228, L.R.A. 1917C, 390, the trustee maintained an action, but it was for dividends paid to stockholders out of capital. They were corporate assets. And in Way v. Barney, 116 Minn. 285, 133 N. W. 801, 38 L.R.A.(N.S.) 648, Ann. Cas. 1913A, 719, creditors without objection enforced the double liability of stockholders of a corporation in bankruptcy. Neither case is authority on the question of the power of the trustee.

If the trustee in bankruptcy is without power under the bankrupt act to enforce the liability of the holder of bonus stock the creditors have the right. Following the decisions of the Federal courts in the cases noted we hold that the trustee being without authority to maintain an action the creditors may maintain it as if bankruptcy had not intervened.

Order reversed.