DISPATCH PRINTING COMPANY v. SECURITY BOND & INVESTMENT COMPANY.[1]
FRANK H. EWING AND OTHERS, APPELLANTS.
N. F. HAGG AND OTHERS, RESPONDENTS.

January 12, 1923.

No. 23,108.

Remedies for enforcement of rights against foreign corporation.

1. The remedial provisions of sections 6630-6651, G. S. 1913, are to be applied to the enforcement of rights against foreign corporations and stockholders therein insofar as is practicable.

Question not decided.

2. Whether assessments under the provisions of section 6646, G. S. 1913, for constitutional or statutory liabilities can be made against shares and shareholders in foreign corporations where a receiver is appointed under section 6634, G. S. 1913, is not decided.

Assessment unnecessary before suit against foreign corporation, when.

3. But it is *held* that where, as in this case, the sole claim to be asserted against the shareholders of a foreign corporation is that the shares were issued under an agreement that they should not be paid for, and hence there is a right of recovery in behalf of subsequent

[1]Reported in 191 N. W. 601.

creditors on the ground of fraud, an assessment under said section is not necessary or proper preliminary to suit.

Action in the district court for Hennepin county to sequestrate the property of defendant company and to enforce the constitutional liability of its stockholders. The petition of creditors for an order removing F. Alexander Stewart as receiver was granted by Bardwell, J., and Frank H. Ewing substituted in his place.. The petition of Frank H. Ewing for a ratable assessment upon each share of the capital stock of said corporation was objected to by certain persons named therein as holders of bonus stock on the ground that the sections of the general statutes specified in the second paragraph of the syllabus do not apply to foreign corporations, and the objections were sustained and the petition dismissed by Hale, J. From the order dismissing the petition, Frank H. Ewing, as receiver, appealed. Affirmed.

*James E. Trask* and *Morphy, Bradford & Cummins*, for appellant.

*Van Fossen & Garrigues, S. S. Smith, Daniel Carmichael, Hoke, Krause & Faegre, L. O. Rue,* and *Bessessen & Bessessen,* for respondents.

HOLT, J.

A judgment was entered in an action brought in Hennepin county against Security Bond & Investment Company, a corporation organized under the laws of South Dakota. Upon the return of an execution unsatisfied, the property of the corporation in this state was sequestered, a receiver appointed "with all the powers and authority of a receiver under chapter 58 of the Revised Laws of Minnesota for the year 1905 and all the powers of a receiver in equity, with full power and authority to collect and bring and maintain actions at law or in equity to enforce payment of any and all liability of the stockholders and officers of said defendant, and to institute the necessary and proper proceedings therefor." The receiver appointed was for due cause replaced by appellant who petitioned the court to make a ratable assessment upon certain named parties liable for alleged "bonus stock," such parties being residents of this

state and holding in the aggregate 500 shares of stock of the par value of $100 a share. At the time set for the hearing of the petition, when the receiver offered to prove the allegations of the petition, the alleged shareholders appeared specially and objected on the ground that sections 6645-6651, G. S. 1913, apply only to corporations organized under the laws of the state, and on the further ground that said sections do not apply to the enforcement of payment for bonus stock. The objections were sustained and the petition dismissed. The receiver appeals.

Chapter 272, p. 315, Laws 1899, an act to provide for the better enforcement of the liability of stockholders of corporations, was by the language of section 1 thereof limited to domestic corporations. This chapter was in all its essentials embodied in the revision of 1905 and is now found in sections 6645-6651, G. S. 1913. There was some change in phraseology. Section 6645, corresponding to section 1 of said chapter 272, does not in terms limit its operations to corporations formed under the laws of this state as was the case in said section 1. Respondent contends that the revision was not to change the meaning of existing statutes, but to rearrange and compress them into a more orderly and compact whole, hence the dropping of superfluous words and phrases is not significant of an intention to alter.

Chapter 76, G. S. 1894, supplemented by chapter 272, p. 315, Laws of 1899, no doubt was intended to afford remedies for the enforcement of the rights of creditors against corporations and shareholders therein. These remedies were by the revision of 1905 embodied in what are now sections 6630-6651, G. S. 1913. It has been said of the proceedings under said chapter 76, before the enactment of the supplementary remedy of chapter 272, p. 315, Laws 1899, that they were "susceptible of being molded into almost any form necessary to accomplish their purpose of securing a full and final adjustment of the rights and liabilities of all parties growing out of the corporate business." Arthur v. Willius, 44 Minn. 409, 46 N. W. 85. We are of the opinion that sections 6630-6651, G. S. 1913, providing the procedure for enforcing rights against corporations, should be applied not only to domestic corporations but also to

foreign corporations insofar as it is practicable.  We shall not stop now to determine where it is practical to apply sections 6645 et seq. in every detail to foreign corporations, or whether the courts of this state should attempt to assess shares of stock therein, which assessment would be as to amount and necessity a binding judgment to which sister states must give full faith and credit.  For we think the appeal should be disposed of upon the second objection urged by respondents.

The petition which the court dismissed clearly shows that no claim is to be or can be asserted against the stockholders of defendant upon any constitutional or statutory liability either of this state or of the state of South Dakota, nor upon any contract between the corporation and its stockholders, such as a subscription contract, or other agreement which might be regarded as assets in the hands of the corporation or its receiver, but that the only claim is in behalf of creditors of the corporation who became such relying on the assumption that the stockholders had paid the full par value in cash for the shares issued to them, whereas in fact the stock was issued under an agreement between the corporation and the stockholders that nothing should be paid therefor.  In other words, the only liability to be asserted is for so-called bonus stock.  This liability can be claimed by or in behalf of creditors who are in a position to assert that the acceptance of bonus stock was a fraud as to them.  The corporation itself, and the receiver insofar as he stands in its shoes, cannot recover for bonus stock, but as representing subsequent creditors he may.

The facts presented by the petition herein are quite similar to those in Hospes v. Northwestern M. & C. Co. 48 Minn. 174, 50 N. W. 1117, 15 L. R. A. 470, 31 Am. St. 637, where it is said [at pages 195, 196]:  "We have here a case where the contract between the corporation and the takers of the shares was specific that the shares should not be paid for.  Therefore, unlike many of the cases cited, there is no ground for implying a promise to pay for them.  The parties have explicitly agreed that there shall be no such implication, by agreeing that the stock shall not be paid for.  In such a case the creditors undoubtedly may have rights superior to the cor-

poration, but these rights cannot rest on implication that the shareholder agreed to do something directly contrary to his real agreement, but must be based on tort or fraud, actual or presumed."

To the same effect are: First Nat. Bank v. Gustin M. C. M. Co. 42 Minn. 327, 44 N. W. 198, 6 L. R. A. 676, 18 Am. St. 510; Hastings Malting Co. v. Iron Range Brewing Co. 65 Minn. 28, 67 N. W. 652; Downer v. Union Land Co. 113 Minn. 410, 129 N. W. 777; Randall Printing Co. v. Sanitas M. W. Co. 120 Minn. 268, 139 N. W. 606, 13 L. R. A. (N. S.) 706; Mackall v. Pocock, 136 Minn. 8, 161 N. W. 228, L. R. A. 1916C, 390 (recovery of unearned dividends); State Bank of Commerce v. Kenney Band Inst. Co. 143 Minn. 236, 173 N. W. 560.

It is therefore clear that the receiver here must proceed against the bonus shareholders by a complaint in the nature of a creditor's bill and distribute the amounts collected conformable to the applicable provisions of sections 6630-6651, G. S. 1913. The question then recurs whether in such a case it is necessary or proper to petition the court to make an assessment preliminary to suit. We think not for these reasons:

In sequestration proceedings under G. S. 1894, c. 76 (section 6634, G. S. 1913; section 3173, R. L. 1905), creditors have come in to enforce liability against holders of bonus stock: Hospes v. Northwestern M. & C. Co. supra. Also for stock issued fraudulently for inadequate prices: Northwestern Railroader v. Prior, 68 Minn. 95, 70 N. W. 869. A receiver under this section succeeds to the rights of both the corporation and creditors. Farmers' L. & T. Co. v. Minneapolis E. & M. Works, 35 Minn. 543, 29 N. W. 349; Minnesota Thresher Mnfg. Co. v. Langdon, 44 Minn. 37, 46 N. W. 310; Preiss v. Zins, 122 Minn. 441, 142 N. W. 822.

It has not heretofore been thought necessary that the receiver, in order to bring such an action, must first procure an assessment to be made by the court against the shares of stock. Indeed most of the cases cited were brought prior to the enactment of chapter 272, p. 315, Laws 1899. Nor do we think it proper since its enactment. The assessment under section 6646 has a certain binding effect. It is to be ratable, and, evidently, the same sum on each share. An

assessment in the sense here used must be understood as calling for the payment of a certain amount of an obligation unquestionably due from the stockholder by virtue of a provision of the Constitution, or a statute, or a contract like a subscription contract or a premium note. It seems entirely inappropriate in a claim predicated upon a tort or fraud, where a cause of action for recovery must be framed along the lines of a creditor's bill in equity. Hospes v. Northwestern M. & C. Co. supra.

As representing creditors the receiver may not stand in the same position as to all the shareholders. A creditor prior to the issue of bonus stock is not in a position to complain, nor one who becomes such knowing that the stock was bonus. Then certain shares may be partly bonus and partly paid for by property. The question might be as to some shares whether services or properties exchanged therefor were adequate. All such matters may come up in actions by a receiver to recover from shareholders on the ground of actual or constructive fraud. And peculiarly inappropriate does an order of assessment appear to be in a case where the only claims are of the sort here asserted and the corporation is foreign. The orders of our courts relating to such corporations, if given the full faith and credit that is given to our orders of assessments in other states, might result in serious wrongs.

If any authority beyond that conferred by the statute were needed to authorize the receiver herein to institute actions to recover from the holders of bonus stock of this insolvent corporation, it is found in the original order appointing a receiver, and particularly in the order by which the present receiver was substituted for the one first selected, wherein he is invested "with all the powers and authority of a receiver under chapter 58 * * * Revised Laws of Minnesota for the year 1905, and all the powers of a receiver in equity, with full power and authority to collect and bring and maintain actions at law or in equity to enforce payment of any and all liability of the stockholders and officers of said defendant, and to institute the necessary and proper proceedings therefor." We see no objection to a receiver such as the one here enforcing in one action a claim for bonus stock and claims upon an assessment for unpaid

stock subscription, or upon stockholders' double liability where such claims exist. In fact it would seem appropriate. We therefore think the lower court did not err in refusing to make an assessment. From what has been said, no inference should be drawn that would discourage the receiver from starting and maintaining actions against the holders of bonus stock or stock issued for an inadequate consideration to recover for the benefit of such creditors as may be entitled thereto.

The order is affirmed.